WILLIAM A. DOYLE v. BERNARD L. DESENBERG AND BERNARD M. DESENBERG.

*Pleading—Common counts—Loss of profits—Incomplete contract.*

1. Loss of profits is not recoverable under the common counts.
2. The direction of a verdict for the defendant is sustained, the Court failing to see in the plaintiff's own testimony proof of any tangible or definite agreement such as he sets out in his declaration, or anything more than such vague talk as is usual when men contemplate building and seek information about the costs.

Error to Kalamazoo. (Buck, J.) Argued January 31, 1889. Decided February 8, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Samuel W. Oxenford (J. L. Hawes,* of counsel), for appellant.

*Dallas Boudeman,* for defendants.

CAMPBELL, J. This action, in which plaintiff was defeated below, is based on a claim that defendants refused to carry out an agreement whereby plaintiff was to have the job of building a brick structure for them

in Kalamazoo, including not only all the work but all the materials, for the sum agreed on of $14,308.

The first count sets out an agreement that plaintiff should have the job. The second is to the effect that defendants requested plaintiff to make an estimate and bid, and to award him the contract if he should be the lowest bidder, upon his giving a bond with good and sufficient sureties; that he made a bid, and defendants also received proposals from others; that his bid was for $14,308, and was the lowest bid, and plaintiff offered to furnish the bond and do the work according to the plans and specifications submitted to the bidders. The breach is that the defendants contracted with Bush & Paterson and procured them to build for $17,000, whereby plaintiff lost the job and his profits, and was put to expense. The declaration also contained the common counts, with a bill of particulars containing items of labor and time in preparing estimates, and loss of profits which would have been gained. These latter, at least, could not be recovered under the common counts. The defense was in substance that they never asked or employed plaintiff, and that he was merely allowed to make proposals on the chance of their being satisfactory, and not under any agreement whatever; that they did not build and did not agree to build on the plans which plaintiff made estimates on, and which had not been finally chosen, but built on a different and more expensive plan, and employed Bush & Paterson to construct the building on those plans.

Upon examining the record we cannot see in the plaintiff's own testimony proof of any tangible or definite agreement such as he sets out in his declaration, or anything more than such vague talk as is usual when men contemplate building and seek information about the costs. What plaintiff calls his bid is an unsigned mem-

orandum referring to no building or location, and which does not even name any of the parties, or refer to any plans or specifications. It consists practically of no more than a list of prices of work and materials, without reference to any particular use of them, some containing specified quantities and some not, and making up an aggregate of $9,836. There is nothing in the testimony which indicates any mutuality of obligation whatever, or any means of redress against plaintiff if he should fail to do what in his declaration he sets up. All that appears is preparation or preliminaries which might or might not result in an agreement.

We think the court below was authorized to take the case from the jury and order a verdict for defendants. The judgment must be affirmed, with costs.

The other Justices concurred.