1836.

M'Laren
v.
Charrier.

---

### M'Laren vs. Charrier.

A supplemental bill, or an original bill in the nature of a supplemental bill, is but a continuation of the original suit, so far as regards the right of a master who has been solicitor or counsel in the original suit to act as master in any proceedings on the supplemental bill.

Where a master or any other judicial officer of the court of chancery has, in the character of a solicitor or counsellor, given advice or prepared any pleadings or proceedings in a cause or matter pending in or brought before the court, or has made or opposed motions or petitions in such cause or matter, or where his law partner has been thus employed or consulted, although not the solicitor or counsel on record, such master or judicial officer cannot afterwards act, as master, or do any judicial act, requiring the exercise of judgment or discretion, which is in any way connected with such cause or matter. But the restrictions of the revised statutes do not extend to a master who has acted merely as chancery agent of the solicitor in the cause, in the receipt and service of papers ; nor do they prevent a master, who is not the solicitor or counsel on record, from taking an affidavit, or doing any other mere ministerial act.

The approval of an appeal bond is an act requiring the exercise of judgment and discretion on the part of the approving officer; and a master who has acted as solicitor or counsel in the cause or matter in which the appeal is taken, or whose law partner has thus acted, cannot regularly approve such bond.

On an appeal to the chancellor, from the decision of a vice chancellor, the appellant may prosecute his appeal by a new solicitor, without any order of the court below to change the solicitor; and where such new solicitor is employed on the appeal, the service of papers in the appeal cause while it is pending before the chancellor need not be made on the solicitor on record in the original cause before the vice chancellor.

Whether the complainant can file a supplemental bill, or an original bill in the nature of a supplemental suit, by a new solicitor, without an order to change the former solicitor on record? *Quære.*

1836.

M'Laren
v.
Charrier.

THIS was an application to dismiss an appeal, from an in- January 19. terlocutory order of the vice chancellor of the fourth circuit, for irregularity. From the affidavits and other papers read upon the motion, it appeared that the parties resided at Saratoga Springs, and that the original bill was filed by a solicitor resid- ing in the city of New-York; that the injunction master of the fourth circuit was the chancery agent of such solicitor, and had on several occasions appeared for him, at his request, upon the argument of motions before the vice chancellor; that such master, and his law partner, had also assisted in drawing and preparing papers to be used in the cause at the like re- quest of the complainant's solicitor, and sometimes at the re- quest of the complainant himself; but that all such pro- ceedings were in the name of the solicitor on record. The complainant afterwards presented a petition to the vice chan- cellor, by a new solicitor, and obtained an order for leave to file a supplemental bill, for the purpose of obtaining a renew- al of the injunction which had been dissolved upon the com- ing in of the defendant's answer to the original bill. Such supplemental bill having been filed, and an injunction issued thereon, the vice chancellor afterwards made an order to set aside the petition and all subsequent proceedings for irreg- ularity. From this order the complainant appealed. And the principal irregularity complained of which was not fully denied, was, that the appeal bond was approved of by such in- junction master, contrary to the provisions of the eighth sec-

tion of the title of the revised states relative to judicial officers, (1 *R. S.* 107.)

*J. Ellsworth,* for the complainant.

*E. H. Rosekrans,* for the defendant.

THE CHANCELLOR. The last bill in this case, whether considered as an original bill, or as a mere bill of supplement for the purpose of bringing new matters which have arisen since the filing of the original bill before the court, or as an original bill in the nature of a supplementary suit, is but a continuation of the proceedings originally commenced, so far as regards the right of the master to approve of the appeal bond. Whether the complainant is obliged to employ his former solicitor in filing a supplemental bill, or whether the presenting a petition in the name of a new solicitor, and filing a bill and obtaining special orders thereon in the name of such new solicitor, is not a substantial change of the solicitor of the complainant upon the records of the court, are questions which will be more properly considered upon the appeal itself, the decision of which is not necessary or proper upon this application.

It is supposed by the counsel for the complainant, and the master undoubtedly acted upon this supposition, that the restriction in the statute only extends to a master who has been regularly retained by a party as his solicitor or counsel, in the same cause in which he is called upon to act as master. If the master was called upon to do a mere ministerial act in which no exercise of judgment or discretion was required, as in taking an affidavit, or swearing a party as to the truth of a bill, petition, or answer, there would be much good sense in confining this restriction upon the power of the master to the letter of the statute. And such was the decision of this court in another case which was formerly before me. (*The People v. Spalding,* 2 *Paige's Rep.* 326.) But in the approval of an appeal bond, the exercise both of judgment and discretion is required on the part of the officer. Although a neglect to pursue the course suggested by the chancellor, in the case of *Van Wezel* v. *Van Wezel,* (3 *Paige's Rep.* 39,) might not ren-

der the appeal bond absolutely void, if the requisitions of the statute appeared to have been substantially complied with, the rules there laid down were intended as a general direction to the officer who is called upon to approve an appeal bond, or any other bond in which by law, or the rules of this court, the sureties are to be approved of by one of its officers. In cases of this kind, the provision of the revised statutes, which prohibits any judge, commissioner, *or other judicial officer*, from demanding or receiving any fees or other compensation for giving his advice in any matter or thing pending before him, or which he has reason to believe will be brought before him for decision, or for drafting or preparing any papers or other proceedings relating to any such matter or thing, except where fees are allowed to him as such judge or officer for such services, is applicable. (2 *R. S.* 275, § 6. *Laws of* 1830, 395, § 38.) And where a master, or any other judicial officer of this court, has been called upon in his official character of solicitor or counsellor to give advice, or to prepare any papers or proceedings in a cause or matter pending or to be brought before the court, or where his law partner has been thus consulted or employed, although neither of them is the solicitor or counsel on record in the suit, nor has been regularly retained as such, he ought not afterwards to do any judicial or other act as master, &c., which requires the exercise of judgment or discretion, and which is in any way connected with the cause or matter in which he or his partner had previously been employed in a different character. This restriction will not prevent a master who has merely acted as the chancery agent of the solicitor in the cause, in the receipt or service of papers, from acting as master in the same cause or matter. But if the agent, or his law partner, makes or opposes motions for the solicitor, or acts for him in drawing or preparing papers in the cause, he is not at liberty afterwards to act as master in such cause, or in any proceeding connected therewith.

The case now under consideration comes within this restriction; although nothing improper was intended, and the master has merely mistaken the law in supposing he was authorized to approve the appeal bond after the two responsible sure-

ties therein had justified before him. The appeal must, therefore, be dismissed, with the costs of this motion ; unless the appellant elects to amend, by filing a new appeal bond nunc pro tunc, or by procuring the present appeal bond to be regularly approved by the proper officer. (*See Eldridge* v. *Howell,* 4 *Paige's Rep.* 457.) If the appellant elects to amend, he must pay the costs of this motion, and procure the amendment to be made, and notice thereof to be given to the solicitor of the adverse party, within fifteen days after the service of a copy of the taxed bill of costs on the appellant, or his solicitor in the appeal. There can be no doubt as to the right of the appellant to retain a new solicitor to prosecute an appeal from the decision of a vice chancellor. The service of a copy of the papers on this motion upon Mr. M'Donald, the solicitor in the original bill, was therefore an unnecessary and useless proceeding ; and the extra costs occasioned thereby are not to be allowed on taxation. (*See* 4 *Paige's Rep.* 120 ; 5 *Idem,* 61.)