## CREDITORS OF BRYAN v. SURETIES OF AUSTIN, Administrator.

*The Judge is not incompetent to try a case on the ground that he had been at one time counsel in it, where the party whom he represented is no longer before the Court.*

*Opinion of the Court on the validity of the bond, expressed in 4th Annual, 546, Canal Bank v. Brown, affirmed.*

APPEAL from the District Court of the parish of Catahoula, R. W. Richardson, J.

McGuire & Ray, for plaintiffs. Headley, Taliaferro and Mayo, for defendants and appellants.

BUCHANAN, J. This case comes before us, on five bills of exceptions:

1. Defendants and appellants except to the allowing of an amendment to the petition. The amendment charges that the administrator's bond had been changed after it was filed, by the insertion in the body of the bond, of the names of several persons who had not signed the bond.

Our predecessors, at the October term, 1850, remanded this cause for a new trial, " with leave to both parties to amend their pleadings, so as to bring the whole merits of the case before the Court." It is clear that this decree had in view, the very amendment now complained of.

2. Defendants recused the District Judge, who tried the case, on the ground that he had been of counsel for one *W. B. Grayson*, who had been originally one of the defendants in the cause, but who had been discharged from the same by a judgment of the Supreme Court, rendered in his favor previously to this trial. See 4th Annual, page 511.

There was no ground for recusation. The party of whom the Judge had had been counsel, was no longer before the Court.

3. The defendants excepted to the reception in evidence of the bond of administration; also of the letters of administration; also of the tableau of debts of the estate, and the judgment against the administrator, and the proceedings thereupon; also of the testimony of a witness to prove the alteration of the bond as alleged in the amended petition. .

The objections to the bond were considered and overruled by our predecessors in the case reported in 4th Annual, 547. We agree with the opinion expressed by the majority of the Court, on that occasion, that there is no defect which reaches the validity of the bond.

The testimony of Mr. *Garrett* was properly admitted, under the amended pleadings; and removes the only doubt which formerly hung about the admissibility of the bond, and seems to have divided our predecessors in 1849, by showing that the names of persons in the body of the bond, who had not signed, were interpolated in the instrument after it had become matter of record.

It is unnecessary to examine the other two bills of exceptions, which were taken by plaintiffs, who had judgment in the Court below, which they have not asked us to amend.

We think that judgment has done justice between the parties.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.