JAMES WILLIAMS AND MARY WILLIAMS, APPELLANTS, VS. JANE ROBLES, ADMINISTRATRIX, ET AL., APPELLEES.

1. When a cause is transferred, upon petition, from one Judicial Circuit to another, it should appear in the petition or the order of transfer that the Judge of the Circuit in which such cause is pending is disqualified by reason of interest, or being a party, or on account of consanguinity or affinity to one of *the parties to the suit.*

2. Unless one of these causes of disqualification properly appears in the record, an order transferring the cause to another Circuit is a nullity, and the Judge of said Circuit acquires no jurisdiction over it.

3. The fact that a kinsman to a Judge of the Circuit Court is interested in some property which is involved in a suit before such Judge, such kinsman *not being a party to said suit*, does not disqualify the Judge from hearing the case under Chapter 1327, acts December 4th, 1862.

Appeal from Circuit Court for Levy county.

*E. K. Foster* and *Fred. T. Myers* for Appellants.

*S. M. & G. B. Sparkman* and *J. B. Wall* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The original bill in this case was filed in the 6th Circuit, in the county of Hernando, on March 4, 1879. The bill prayed for an injunction, which was granted. Afterwards, October 1st, 1879, the injunction was dissolved and a decree rendered dismissing the bill. The complainants then filed a petition for rehearing and to annul all orders taken in the cause, and to set aside the decree, on the ground that the presiding Judge was interested in the suit. The Judge decided that he was in no way interested in the cause, but suggested that it would be better for the cause to be transferred to another Circuit, for the reason that one Spencer, his brother-in-law, was interested by purchase of some property under the judgment and execution, which judgment complainants had filed their bill to have set aside and its lien discharged, alleging that it had been paid. A motion was thereupon made by defendants' counsel to transfer said cause to the county of Levy, in the 5th Judicial Circuit.

The motion was granted and the cause ordered to be transferred. This order was made 29th of April, 1880. On the 10th day of June, A. D. 1882, Judge Baker, acting as Judge in the 5th Judicial Circuit, the Judge of the same being disqualified on account of sickness, dismissed the bill and petition for rehearing for want of prosecution. The complainants, on the 15th day of January, 1883, appealed from the "final decree of the Honorable James M. Baker." The first question for our consideration is, was the cause properly transferred by the Judge of the 6th Circuit. The statute, (McClellan's Digest, sec. 28, p. 337,) only authorizes such a transfer where the Judge or justice is a party, or is interested in the cause, or where he would be excluded from being a juror by reason of interest, consanguinity or affinity *to either of the parties*. The Judge of the 6th Circuit was not a party to the suit, and expressly decided that he had no interest therein, nor, applying the test of disqualification of a juror, was he incompetent because his kinsman, Spencer, was interested, because Spencer *was not a party to the suit.*

Neither one of the three causes for which a transfer might have been ordered, existed. Before the Judge of an adjoining Circuit can acquire jurisdiction, the existence of one or the other of these causes must be judicially ascertained, and must appear in the order of transfer, or otherwise, in the record. They are jurisdictional facts. This court, in Swepson vs. Call & Baker, 13 Fla., 337, say: "The law in the case points out certain steps to be taken in order to effect a change of the jurisdiction from one Circuit to another. Without the statute, there would be no power which the law could recognize to transfer the jurisdiction and confer it upon another court, and until the law is complied with in all essential particulars the juris-

7

diction is not affected. We are, therefore, unable to conclude that this cause has been removed to the Circuit Court of Columbia county, or that the Judge of the Third Circuit has had any control of the cause, and that the same is properly pending in Leon county Circuit Court."

Under this ruling, we hold that this cause was not transferred to the 5th Circuit; that the Judge of said Circuit had no control over it, and his acts thereon were *coram non judice*, and said cause is pending, if anywhere, after so great a lapse of time and lack of prosecution, in the Circuit Court of Hillsborough county.

Appeal dismissed.