THE TAMPA STREET RAILWAY AND POWER COMPANY, APPELLANT, VS. THE TAMPA SUBURBAN RAILROAD COMPANY, APPELLEE.

1. Where an attorney advises a person that a certain instrument, permit or license gives him a legal right, and afterwards a controversy arises between that person and another as to whether it does confer the right, and the attorney has come to the bench, he is disqualified by professional relation to the former party to sit in judgment on the controversy.

2. Where complainant's bill founds his right to relief solely upon State legislation, the defendant cannot disqualify a judge, by setting up in a plea or answer the absence of municipal authorization, although the judge, while at the bar, may have advised the complainant that it had the requisite municipal authority, and would consequently be disqualified if complainant's bill involved such authority.

3. Where a defendant joins issue upon a right of action, or on a material issue therein tendered by complainant's bill, or where he sets up as an affirmative defense new matter which constitutes a relevant defense to the case made by the bill, and an issue, either of law or fact, is formed thereon, and the judge has been the counsel of either of the parties as to such matter, he will be disqualified, although the bill does not show the ground of disqualification ; but a defendant can not disqualify a judge by alleging matters as to which the judge may have advised the complainant, which are entirely irrelevant and immaterial to the case made by the bill.

4. Where the ground relied upon by a judge as disqualifying him is the fact of having advised, when at the bar, one of the parties to the cause upon " *certain questions* involved in the suit," the questions should be stated, in order that it may be seen whether they are involved and do disqualify.

5. Jurisdiction does not attach to the court to which a cause is transferred, if the facts stated by the transferring judge as disqualifying him do not do so.

6. The previous relation of attorney and client disqualifies a judge, notwithstanding there is no statute in this State making it a disqualification.

Appeal from the Circuit Court for Hillsborough county.

Upon the question of the disqualification of the presiding judge.

The facts are stated in the opinion.

*S. M. Sparkman, MacFarlane & Pettingill* for Appellant.

*P. O. Knight, Wall & Wall* for Appellee.

RANEY, C. J.:

The question of the disqualification of Judge Sparkman, of the Sixth Circuit, to make any orders in this cause, other than one of transfer, having been raised, it becomes necessary to decide it before proceeding to the other grounds of the motion to vacate the supersedeas. Judge Sparkman granted a restraining order, and afterwards, on the filing of a plea and answer, and a petition alleging his disqualification by reason of having advised the complainant as counsel before coming to the bench, concluded that he was disqualified, and transferred the cause to Orange county, in the Seventh Circuit, and Judge Broome, of that circuit, having determined that the facts stated in the order of transfer as disqualifying Judge Sparkman did not do so, he remanded the papers to Hillsborough Circuit Court in the Sixth Circuit. After this, Judge Sparkman made an order dissolving the restraining order which had been granted by him before transferring the cause. From the dissolving order there was an appeal and an order that the appeal should operate as a supersedeas.

Before stating the issues presented by the pleadings and their bearing upon the question of disqualification, as it is presented by the order of transfer, a presentation of authorities on the point of a judge being disqualified by reason of previous professional relation to one of the parties to a cause, is necessary.

In Taylor vs. Williams, 26 Texas, 583, an action of trespass to try title to land, it was contended that the district judge was disqualified because he had been of counsel in other causes involving the same title. The Constitution prescribed as the tests of the rule of disqualification, interest in the case, connection by consanguinity or affinity with any of the parties to it, or having been of counsel in the cause. The Supreme Court held that the judge was not disqualified. In Houstoun and Texas Railway Co. vs. Ryan, 44 Texas, 426, the judge had as a recital in the order of transfer, "heretofore as counsel given an opinion as to the validity to the title to the land in controversy," and it was decided that this did not show that the opinion was not given in some other case, instead of the one before the court, and that disqualification under the last stated ground of the Constitution was not shown, its language being clear and express and nothing being left to intendment or presumption. See also 54 Texas, 403. Slavin vs. Wheeler, 58 Texas, 23, was an action brought by appellant to recover land which she claimed as a homestead, it having been previously sold and conveyed by her husband without her consent. The plaintiff testified that she had some ten years be-

fore the trial consulted the judge, then a practicing attorney, upon the questions involved in the case, and he had advised her with reference to the matters, but they did not make any agreement as to a fee; and the husband testified that the judge had, when an attorney, advised him and his wife, "what to do, and that the plaintiff would then have a good case, and that the agreement was she was to give half the land to recover it." These statements were accepted by the appellate court as true, and that court, overruling the trial judge, found that he was disqualified, and held that the constitutional provision disqualifying one from sitting in a case where he has been counsel, does not limit his disqualification to a case pending at the time his services as counsel were invoked; and that if an attorney has been consulted as such and has given advice as to a matter in dispute which after results in a suit between the parties at variance, he can not act as a judge in that case even though he charged no fee for his advice. In the opinion it is said of Taylor vs. Williams, *supra*, that the decision was correct, for the judge had not been professionally connected as counsel with the parties to the suit and the subject-matter of the dispute then before him for determination. Newcome vs. Light, 58 Texas, 141, is a case in which a wife had sued her husband for a divorce on the ground of cruel treatment, which suit was dismissed; and afterwards the husband sued the wife on the ground of abandonment, and obtained a decree of divorce. The judge who presided on the trial of the latter suit was the attorney of the husband in the former

one, the defense being made that the husband was not guilty of cruel treatment, and hence that her abandonment of him was not justifiable, and it was held, in a third suit instituted by the wife against the husband for a partition of the community property, and revived by her executor on his death, that the judge was disqualified to sit in the second suit. In the opinion it is observed : "Ostensibly the issue in the second suit, that of voluntary abandonment on the part of the wife, was different from that in the first, cruel treatment on the part of the husband; yet if in fact the abandonment was caused by the cruel treatment of the husband, he was not entitled to a decree in his favor, as the abandonment would not in a legal sense have been voluntary. He defended the first suit on the ground that he was not guilty of cruel treatment, and hence that the wife was not guilty of leaving him." And again, after stating the parties to be as indicated above : "It will be thus seen that the parties to all three of the suits were the same, either in their own individual rights, or as privies; the objects and the issues in their legal bearings and circumstances in the first two suits were so intimately blended as to be virtually the same. and the partition sought in the third was but the statutory result and incident of the first two."

In Reams vs. Kearns, 45 Tenn. (5 Cold.), 217, an attorney had prepared the bill and conducted to a decree for sale, a suit between tenants in common, and there had been a sale under the decree, and a note had been taken of a purchaser for the amount bid by him, and

the report of the sale was confirmed on such attorney's application. Several years subsequently a judgment was entered on motion of the master who made the sale, against the surety on the note, under the chancery practice obtaining in that State. The judge who rendered the last judgment was the attorney referred to, and it was held that he was disqualified to render the judgment, as the surety or defendant in such judgment was a *quasi* party to the original cause. Curtis vs. Wilcox, 74 Mich., 69, is a case in which the judge had, when counsel, been given the facts, and consulted as to a case in which the parties had attorneys, and had advised the party not to make any attempt to settle the case further than a compromise in his own behalf, and it was held that he was disqualified, under a statute which made being "consulted or employed as counsel in the subject-matter to be litigated in said suit."

The decision of the Supreme Court of New Hampshire in Moses vs. Julian, 45 N. H., 52, was that a judge of probate who has written a will is disqualified to sit upon the probate of it; and in Whicher vs. Whicher, 11 *Id.*, 348, that a justice of the peace who at the request of the counsel for the plaintiff appeared on behalf of the plaintiff at the taking of a deposition to be used in the cause, and examined the witness, is incompetent afterwards to take, as magistrate, a deposition for the plaintiff to be used in the same case. See also Smith vs. Smith, 2 Greenleaf, 408. In McLarin vs. Charrier, 5 Paige, 530, it was held where a master in chancery has in the character of a solicitor

or counselor given advice or prepared any pleadings or proceedings in a cause or matter pending in or brought before the court, or made or proposed motions or petitions in such cause or matter, or where his law partner has been thus employed or consulted, although not the solicitor or counsel on record, such master or judicial officer can not act as master or do any judicial act requiring the exercise of judgment or discretion, which is in any way connected with such cause or matter, and consequently can not approve an appeal bond.

In Cleghorn vs. Cleghorn, 66 Cal., 309, the conclusion reached was that a judge is not disqualified from sitting in a cause by the fact that he had been attorney for one of the parties in another action involving one of the issues in the case on trial. The opinion of the court in Bryan vs. Justices of Austin, 10 La. Ann., 612, was that a district judge was not rendered incompetent to sit in the trial of a cause before him, by the fact that he had formerly been counsel for an original defendant therein who prior to such trial had been discharged therefrom by a judgment of the Supreme Court rendered in his favor; and in Stewart vs. Mix, 30 *Id.*, 1036, the fact that a justice of the appellate court was of counsel for certain parties in two former suits, was held to be no ground for his recusation in a subsequent suit in which the same parties are litigants, it appearing that the validity of none of the proceedings and the decision of none of the questions involved in the previous suits were put in issue in the third suit.

The appellant, *The Tampa Street Railway and Power Company*, claims in its bill that the charter act of the *Tampa Street Railway Company*, enacted in 1885, Chapter 3657 of the Laws of this State, gave that company the right to construct and operate a line of railway in any or all of the streets of Tampa, under certain provisions and conditions therein named, and that such company had, up to June 1, 1892, constructed and operated a street railway on certain stated streets, nine in all, including two avenues, and that on the day last named it sold and transferred to appellant company, which is also designated in the bill as "a corporation existing under the laws of the State of Florida," all its property and franchises, including that of building and operating a line of street railway through any and all of the streets of the city; and that since such transfer the latter company has operated the railway so built, and was at the filing of the bill of complaint herein, August 9th, 1892, rightfully and lawfully operating such railway, as well as that on two other designated avenues upon which it has built and extended its track since its aforesaid purchase; and that since the said first day of June the complainant company "has fully carried out its charter and the charter of the Tampa Street Railway Company." The effect of the remainder of the bill, very briefly stated, is that the defendant or appellee company has no power or right to build a street railway in the city of Tampa, which it is alleged to be doing, and an in-

junction is asked against it for the reason that by so doing it will interfere with the property rights of appellant.

The plea of the appellee, or defendant company, to the bill is, in substance, that the charter act of the Tampa Street Railway Company, passed as stated in the year 1885, provided that such corporation should, in order to avail itself of the benefit of the same, begin work on its railroad within two years from the approval of the act, and should complete the same within seven years, and that the stated period of seven years expired on the 12th day of February of the present year, before complainant company purchased. That the mayor and council of the town of Tampa had no authority to grant to the Tampa Street Railway Company a franchise or license to construct, equip or operate a line of railroad on any of the streets of Tampa after the expiration of said period of seven years, and that any attempt to do so was void; and that the complainant company has never obtained from the mayor and aldermen of the city of Tampa any franchise, permit or license to construct or operate a railroad on any of the streets of Tampa, it being further averred that without such permit or license the appellant has no lawful authority to do so. In the answer of the defendant, which was filed, as was the plea, before the order of transfer was made by Judge Sparkman, there is an admission of the "organization and charter of the Tampa Street Railway Company, as alleged in said bill, and that said company obtained a permit or license from the municipal authorities of the *town* of

Tampa to construct its said road in and upon the streets of said town," followed by a denial that this gave any exclusive right or control of the streets for such or any purpose. Then there is an allegation that the town was abolished by an act of June 2d, 1887, and the city of Tampa created by said act which extended the boundaries and corporate limits, and that in this extension are included some of the streets now occupied and used by complainant, including among others the two stated above to have been built on by such company; and that neither the complainant company nor the Tampa Street Railway Company has ever obtained the consent of the city to build on certain of said new streets, including the two just referred to.

The statement in appellee's petition for the transfer of the cause is, that Judge Sparkman is disqualified "by virtue of having been counsel for the complainant prior to your appointment as judge, and by reason of having as counsel advised complainant, and by reason of still holding the opinion, as expressed, * * that the complainant has the right to construct its road in the streets of Tampa, which is one of the questions raised in the pleadings in said cause." The order of the judge recites that the petition came on to be heard, and adjudicates that he is disqualified "by reason of having been counsel for the Tampa Street Railway and Power Company, the complainant, and having as such counsel advised the complainant upon certain questions involved in the suit now pending, and especially that the complainant has the

power under its franchise from the city of Tampa to construct and operate its railroad on the streets of said city, which opinion the court still entertains, the defendant having raised the question by its plea to the bill filed herein."

If the appellant company had in its bill of complaint based its alleged rights upon a franchise, license or permit from the town or city of Tampa, then we would, in view of the conclusions reached after very careful consideration, have to say that the record before us showed Judge Sparkman to be disqualified. The mere statement that "he had been counsel for the appellant company" would not justify this conclusion, for *non constat* that he was not such counsel in any matter connected with this suit; nor would the entire statement of the petition do so since it is negatived or qualified to a very material extent by the statement of the judge in his order, which latter statement must, as between it and the simple assertion of the sworn petition, be taken to be true; but the conclusion would result from the fact that he had advised the complainant company that it had the power under such municipal franchise to construct and operate its road on the streets of the city. Where an attorney advises a person that a certain instrument or permit or license gives him a legal right, and afterwards a controversy arises between such person and another as to whether or not it does confer such right, and the attorney has

JUNE· TERM, 1892. 607

Tampa St. Ry. & P. Co. v. Tampa Sub. R. R. Co.—Opinion of Court.

come to the bench, he can not sit in judgment between those persons in that controversy, but is disqualified to do so by virtue of such professional relation to the former party on the subject of that controversy. This view is clearly sustained by the above cases of Slavin vs. Wheeler, Newcome vs. Light, and Moses vs. Julian, and finds support also in the doctrine of Reams vs. Kearns, Whicher vs. Whicher, and McLaren vs. Charrier, *supra*. Taylor vs. Williams does not conflict with this conclusion because it did not appear there that the judge had ever had any professional connection with either of the parties to the cause, upon the question at issue, which is also true of H. & T. R. Co. vs. Ryan; nor is the doctrine of Cleghorn vs. Cleghorn necessarily inconsistent with it, as there may be immaterial or collateral issues which could not disqualify, but of this decision we must say that wherever it or its doctrine will lead to a conclusion in conflict with that reached in Newcome vs. Light, *supra*, we approve the latter. Of course none of the other cases cited above tend against our conclusion. It must be assumed that the attorney's advice was sought and his professional opinion taken by the party or client, with reference to a possible or probable controversy, and when a controversy does arise, the attorney can not sit in judgment between the client and his opponent. The fact here, however, as shown by the statement of the pleadings made above, is that the appellant company has not based its suit upon any

franchise, license or permit from the town or city of Tampa, but its bill founds its right upon the laws of the State, neither setting up nor referring to any town or city ordinances or other municipal authorization. The averments of the plea or answer as to what the city has not done, or the town could not do, or the admission of the answer as to what the town did, in favor of the complainant's assignor company, or of the complainant itself, can not change the nature of the complainant's bill, or its allegations of title, or the issues offered by it, nor can a defendant make, in his own pleadings alone, issues which will disqualify a judge from trying issues between the complainant and himself made by their respective pleadings. When a defendant joins issue upon a right of action, or a material issue tendered therein by a bill, or where he sets up as an affirmative defense new matter which constitutes a relevant defense to the case made by the bill, and an issue of either law or fact is joined thereon, and the judge has been of counsel to either of the parties as to such matter, he will be disqualified, although the bill does not show the ground of disqualification, but the defendant can not disqualify a judge by alleging matters which are entirely irrelevant and immaterial to the case made by the bill. Should the complainant amend its bill and invoke any grant or "franchise" from the town or city of Tampa, as material to its case, then Judge Sparkman will be disqualified to sit in judgment on it if he advised the complainant professionally that it gave it the right to construct and operate its road in the streets of Tampa, but as long

as complainant company rests on the case made by its bill and claims the right, alleged therein, solely on State legislation, Judge Sparkman should pass upon the case so made, and he is no more disqualified to sit in the case by such immaterial matter than he would be to sit in any other case to which the complainat may be a party, and such municipal grants be immaterial.

It follows then that Judge Sparkman is not disqualified by having expressed the opinion that the complainant has the power under the franchise from the city of Tampa to construct and operate its railroad on the streets of the city, and for the reason, as indicated, that no such franchise is an issue in the cause. This being so, it remains to inquire whether the record shows any other ground of disqualification. In view of the material qualification of the averment of the petition made by the order, we must look to the latter for any ground that may exist. The only thing in it not noticed is the statement that as counsel for the complainant he advised it upon certain questions involved in the suit now pending. In our judgment this is not a sufficient showing. Where the ground of disqualification relied upon is merely advice upon certain questions involved in the suit, these questions should be stated, in order that it may be seen that they are involved. The preservation of lawful jurisdiction demands that this should be required, since it is true that no jurisdiction attaches to the court to which the cause is sent, if the facts stated by the transferring judge

do not disqualify him.    Taylor vs. Williams, *supra;*
State *ex rel.* Hughes vs. Walker, 25 Fla., 561, 6 South.
Rep., 169.    Of course if Judge Sparkman had stated
that he had been of counsel in the cause, to one of
the parties, or that he had advised one of the parties
as counsel, as to the issues in the cause, it would have
been entirely sufficient, as the pleadings always show
the cause and its issues, but he has not so stated, and
the necessity for a specific statement of any mere
question as to which he may have advised and which
is deemed to be involved in the suit and to disqualify,
is illustrated by this cause.

In reaching the conclusions announced above we
have not overlooked the fact that there is now no
statute in this State expressly declaring that the prev-
ious relation of counsel to a party to the cause in the
matter in controversy shall disqualify a judge, nor the
further fact that there are decisions which intimate or
affirm the view that such relation does not disqualify.
Owings vs. Gibson, 2 A. K. Marshall, 515 ; Den vs.
Tatem, 1 N. J. (Law), 164, 190 ;  Bank vs. Fitzsim-
mons, 2 Binney, 454.    We do not understand, nor is
there any sanction for the opinion, that the act of De-
cember 4th, 1862, secs. 967, 969, 970, R. S., declaring
interest and consanguinity or affinity to be grounds of
disqualification and prescribing the practice in such
cases, to be an exclusion of any of the other estab-
lished grounds of disqualification.    It has always, so
far as we know, been the practice of the Circuit and
Supreme Court Judges to refuse to sit in cases in
which they have been of counsel to either of the par-

ties. That there was long since a repeal of the act of June 4th, 1848, which made it the duty of the Supreme Court, then composed of the Circuit Judges, to appoint and assign one of its members, "not interested or otherwise disqualified," to hold the next term of the Circuit Court of any county in which there was pending any causes or cause in which the judge of that court was "interested, or had been of counsel, or for any cause can not hear, or try, or decide the same," is immaterial. That act, which has not been in force since the year 1851, merely recognized such relation of counsel and client as one among many causes of disqualification. The records of the courts of this State are full of orders and entries made since its repeal, recognizing the stated relation as disquali·fying a judge, and that it does have this effect here is as fully settled by years of unvarying recognition and enforcement as is any other principle of law, and we have no hesitation in affirming either its propriety or its binding force upon the Supreme and the Circuit Courts and judges. It was recognized by the decision of this court in State vs. J., P. & M. R. R. Co., 15 Fla., 201, as it has been by its practice in numerous cases as shown by our reports and records, and as it is by Moses vs. Julian, *supra :* Ten Eyck vs. Simpson, 11 Paige, 179. This point was not before the court in Williams vs. Robles, 22 Fla., 95, where the sole question involved was whether the Circuit Judge of the Sixth Circuit was disqualified by *affinity.*

All the authorities cited have been considered, but can not be specially noticed.

The record does not show that Judge Sparkman is disqualified, and this ground of the motion must consequently fall.