## JUNE TERM, 1894. 25

State ex rel. Ambler v. Hocker, Circuit Judge.—Syllabus.

THE STATE OF FLORIDA EX REL. DANIEL G. AMBLER, PLAINTIFF, VS. WILLIAM A. HOCKER, CIRCUIT JUDGE, DEFENDANT.

1. The previous relation of attorney and client, as shown in this case, disqualifies a judge in this State.

2. The principle of disqualification of a judge by reason of a previous relation of attorney and client should not be given a narrow and technical construction, but should be applied to all classes of cases and to all judicial officers.

3. A judge who, previous to his commission, was an attorney of record in a suit in which an execution issued, is disqualified to try a claim interposed to property levied upon under such execution.

4. A judge who, previous to his commission, was a solicitor of record for complainant in a chancery cause, brought for the purpose of having receivers appointed for certain property, is disqualified from trying a claim interposed by said receivers to said property, when the same is levied upon under execution in favor of third parties.

5. A judge who, previous to his commission, has been an attorney in a case is disqualified to adjudicate not only all matters arising in that identical case, but also all supplemental matters or proceedings had or taken to enforce, or to resist the enforcement of, any judgment or decree rendered in such case.

6. The question of the disqualification of a judge, by reason of a former relation of attorney and client, is entirely distinct and independent of any question of present interest in the case, and of the payment of any fee or reward therein.

7. An act done by a partner in the firm name in the pursuit of its ordinary business is the act of the firm. A judge who, prior to his commission as such, was a member of a law firm which began a suit, using the name of such firm as attorneys for the plaintiff, is disqualified from trying a claim interposed to property levied upon by virtue of an execution issued in such main case, although the management of such suit may have been exclusively under the direction of the other member of such firm and not within the knowledge of such judge.

8. A judge who, previous to his commission, was an attorney of record in an attachment suit at the time of the levy of the writ of at-

26 SUPREME COURT.

State ex rel. Ambler v. Hocker, Circuit Judge.—Opinion of Court.

tachment upon certain property, is disqualified to try a claim interposed to said property, when the same is afterward levied upon under an execution issued in the same suit.

This is a case of original jurisdiction.

Motion to strike the answer of the defendant for insufficiency.

Motion denied.

The allegations of the pleadings are sufficiently stated in the opinion of the court.

*Edgar P. Allen* for Relator.

No appearance for Defendant.

LIDDON, C. J.:

This is a case of original jurisdiction. The petition, filed May 1st, 1894, alleges, in substance: That the relator began on February 10th, 1893, an action by attachment against G. C. Stevens and H. H. Graham, copartners under the firm name of Stevens, Graham & Co., in the Circuit Court of Marion county; that the case having been referred to Jesse J. Finley, a practicing attorney, the relator on December 15th, 1893, obtained a judgment against Stevens, Graham & Co., the defendants, for $11,216.66 and costs; that execution issued upon said judgment and was levied upon certain personal property, being the same property upon which attachment had been levied; that said property was advertised for sale on the first Monday in March, 1894, but that before the legal hours of sale on said day Enoch W. Agnew and John A. Bishop, receivers appointed by the United States Circuit Court for the Northern District of Florida, filed a claim to said

property and obtained possession thereof from the sheriff; that on the following day the relator, in the Circuit Court of Marion county, caused said case to be called for trial, whereupon the Hon. William A. Hocker, the defendant, Judge of said court, adjudged himself disqualified to sit in the trial of said claim case, and refused to do so, alleging the following ground of disqualification, to-wit: That he was one of the attorneys of record in the principal case of D. G. Ambler vs. Stevens, Graham & Co. The petition further alleges that prior to said suit or premises, to-wit: in november, 1892, the relator brought the written contract therein sued upon to the said William A. Hocker, then a practicing attorney, but thereafter the said Hocker formed a copartnership with the present attorney of the relator, and when action was brought thereafter on the 10th day of February, 1893, the management of the matters pertaining thereto were turned over to the latter, and although William A. Hocker's name appears as an attorney of record in the case in the firm name of Hocker & Allen until his (Hocker's) appointment to the Circuit bench, that he at no time took any part in the direction of said case, and since his appointment as aforesaid has had no interest in said case or its outcome by reason of fees or otherwise. The petition further states that the issues in the claim case which the said Judge William A. Hocker refuses to try, are not in any way connected with the issues in the main case in which said Hocker was attorney of record, and have arisen since said Hocker was appointed a judge of the Circuit Court of Florida, and long after his connection with said case had been severed. The petition concludes with a prayer for an alternative writ of mandamus, commanding the defendant to try the aforesaid claim case, or show cause why

he should not do so. This writ issued and the defendant has answered the same.

The answer expressly admits all of the allegations of the petition in reference to the suit by the relator against Stevens, Graham & Co., and the issuing and levying of the execution. The answer also admits that the defendant adjudged himself disqualified for the reasons alleged in the petition, and that the allegations of the petition are true which state his connection with the suit of Ambler vs. Stevens *et al.*, and that he had turned over all matters connected with said case to Mr. Edgar P. Allen, as his attorney, and that he had no interest in the same. The answer sets up other matters of disqualification of the defendant, besides those alleged in the petition.

In view of the conclusion we reach in the case, it is only necessary to notice one of these additional matters, which is the allegation that the defendant was one of the attorneys of record of John C. McKibbin, in the suit instituted by him (McKibbin) in the Circuit Court of the United States for the Northern District of Florida, against the said Stevens & Graham, and in which the said Enoch W. Agnew and John A. Bishop, who interposed said claim, were appointed receivers. The defendant admits that at the time said claim was filed he had ceased to have any relations with said suit as attorney or solicitor. The relator moves to strike out the answer on the ground that it is insufficient. This motion is in the nature of a demurrer to the answer, and of course admits the truth of all of its material allegations.

Two reasons are assumed in the pleadings stated herein for the disqualification of Judge Hocker: The first is that he was disqualified to try the claim case on account of his connection, as an attorney of record for

the plaintiff, with the suit in which the execution, which was levied upon the property in dispute, was issued; the second is that he was disqualified by reason of having been an attorney of record for the complainant McKibbin in the case wherein McKibbin sought and obtained the appointment of the receivers, who, by virtue of their office, interposed said claim.

That the previous relation of attorney and client disqualifies a judge, has been determined in this State. Tampa St. Ry. & Power Co. vs. Tampa Suburban R. Co., 30 Fla., 595, 11 South. Rep., 562.

As to the first matter, the connection of the defendant with the suit of the relator against Stevens, *et al.*, it is contended by the relator that the defendant, Judge Hocker, is not disqualified, because he was only connected with the main case, and that the claim case presents issues entirely foreign to the main case. It may be true, strictly speaking, that the defendant was not an attorney of record in the claim proceedings, but when we consider that the claim arose and is sought to be maintained in resistance to an effort to enforce the execution issued in a case in which the defendant was once an attorney of record, and that the result of his judgment must be that the execution can or can not be enforced by a sale of the property levied upon, it must appear that the distinction claimed by the relator is too narrow and technical. The rule of disqualification of a judge who has been of counsel for one of the parties, in the matter of the litigation, or matters intimately connected therewith, is but an evolution of the elementary maxim that no man should be a judge in his own law suit. The law which disqualifies a judge who has been of counsel in the case intends that no judge shall preside in a case in which he is not wholly free, disinterested, impartial and inde-

pendent. The great principle should not have a narrow or technical construction, but should be applied to all classes of cases where a judicial officer is called upon to decide controversies between the people. 12 Am. & Eng. Ency. of Law, 40; Hall vs. Thayer, 105 Mass., 219 text, 223, S. C. 7 Am. Rep., 513; Curtis vs. Wilcox, 74 Mich., 79; Gains vs. Barr, 60 Texas, 676; Moses vs. Julian, 45 N. H., 52, S. C., 84 Am. Dec., 114; Slaven vs. Wheeler, 58 Texas, 23. Not only is a judge who has been an attorney in a case prohibited from acting in a judicial capacity, in the identical case in which he has been such attorney, but he can not act in any supplemental or other proceedings closely connected with such case. McLaren vs. Charrier, 5 Paige, 530. That the defendant, Judge Hocker, has no interest whatever in the claim suit, which the relator seeks to compel him to adjudicate, can not affect the question. The matter is simply one of having been of counsel, and is entirely independent and distinct from any question of pecuniary interest, or of the payment of any fee or reward. Newcome vs. Light, 58 Texas, 141, S. C., 44 Am. Rep., 604; Slaven vs. Wheeler, *supra*. That the main suit of Ambler vs. Stevens, *et al.* was entirely in charge of another member of the law firm in which defendant was a partner, does not alter the principle. What a partner does in the firm name in the pursuit of its ordinary business is done by the firm, and upon the firm's responsibility. East Rome Town Co. vs. Cothran, 81 Ga., 359, text 368; McLaren vs. Charrier, *supra*.

The next question presented by the pleadings as stated is whether the defendant is disqualified by reason of his connection with the suit of McKibbin, complainant, vs. Stevens, *et al.*, defendants. In this suit the complainant sought and obtained the appointment of

the receivers who interposed the claim in question. It was contended in brief of relator that Judge Hocker would not be disqualified, by reason of having been attorney for the relator, in the suit of Ambler vs. Stevens *et al.*, for the reason that a claimant could not attack the validity of the proceedings in which the execution issued, and that therefore Judge Hocker would not be called upon to determine the validity or invalidity of any proceeding in a suit in which he was of counsel. It is not contended, however, nor does it appear to us, that the validity of the appointment of the claimants as receivers might not be involved in the claim case, and that Judge Hocker might not in such a case be called upon to adjudicate such matter. The authorities are clear, and the principle is virtually admitted in the brief for the relator, that a judge is disqualified to adjudicate upon the validity of proceedings had and taken in a case in which he was of counsel. Darling vs. Pierce, 15 Hun, 542. This matter was one in which Agnew and Bishop, the receivers, appoited at the instance and for the benefit McKibbin, Judge Hocker's client, were taking such action, probably at his (McKibbin's) instance, as they thought legal and necessary to the performance of their duty, and to reap for him the benefit of their appointment as receivers. It was a proceeding intimately connected with a case in which the defendant had been of counsel. Much that has been stated as to the first question presented by the pleadings is equally applicable to this, and need not be repeated.

We hold that the connection of the defendant with the main suit of Ambler vs. Stevens *et al.*, and with the case of McKibbin vs. Stevens *et al.*, were either, and each of them, sufficient to disqualify him from

trying the claim case of Agnew and Bishop, as receivers, mentioned in the pleadings herein.

The motion to strike the answer is denied.