SAMUEL Y. FINLEY et al., Appellants, v. ENOCH B. CHAMBERLIN, Appellee.

1. Upon collateral attack the jurisdiction of a court of general jurisdiction will be presumed unless the record disproves it.

2. A decree rendered by the Circuit Court to which a cause has been transferred from another circuit because of the disqualification of the judge of the court in which it was instituted is not void upon collateral attack because the facts showing such disqualification are imperfectly set out in the record.

3. The transmission of the original order of transfer, instead of a certified copy thereof, with the papers in the case to the clerk of the court to which a cause has been transferred because of disqualification of the judge is an irregularity only, and does not render the final decree entered in the cause void upon collateral attack.

This case was decided by Division B.

Appeal from Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*S. Y. Finley* for appellants.

*Hugh C. Macfarlane, Thomas M. Shackleford* and *James F. Glen* for appellee.

MAXWELL, J.—A bill was filed by Chamberlin to have the final decree entered against him in the previous suit of *Finley et al. v. Chamberlin* and the subsequent proceeding based thereon declared null and void for want of jurisdiction in the court which rendered the decree. The suit had been commenced in Hillsborough county in the Sixth Circuit and was transferred to Hernando county in the Fifth Circuit because of the alleged disqualification of the judge of the former circuit to try the case. The only question which we need consider is the validity of this transfer which is attacked upon the ground that the record does not particularly recite the reason of the disqualification of the judge, and because the clerk of the court did not transmit with the papers a certificate of the order of transfer.

The transfer was based upon the following proceedings: On the twelfth day of August, 1896, Chamberlin filed this motion in the cause: "Now comes the above named defendant, E. B. Chamberlin, by his solicitors, O. S. Farr and C. E. Johnson, and moves the court to refer the above named case as provided in sections 19 and 20 of Article V of the constitution of the State of Florida, for the following reasons, to-wit: We are informed and believe that a part of the services rendered by complainants upon which this action is based were performed while the judge of this court, then a practicing attorney, was a partner of one of the complainants, and in consequence thereof is interested in the result of this suit."

On the eighteenth day of September, A. D. 1896, the judge of the Sixth Circuit filed the following certificate of

disqualification: "After mature consideration and having my memory refreshed I feel it my duty to hereby certify that the defendant herein once employed the firm of Finley & Phillips, which firm was composed of Lucius Finley and myself, engaged in the practice of law in the city of Tampa, Florida, and that the said firm employed the complainant to assist us in obtaining patent, and to prevent any other than the defendant from obtaining a patent from the United States of America, and to prevent any one from trespassing upon the land upon which a lien is claimed in this suit, and I am therefore disqualified to hear and determine this case as judge of said court.

Done and ordered at Chambers, Tampa, Florida, this 18th day of September, A. D. 1896.

(Signed)   BARRON PHILLIPS, Judge."

The complainant, Finley, thereupon filed the following. petition that the cause be removed to the next nearest circuit: "Your petitioner, Samuel Y. Finley, a party to said cause, which is pending in the Circuit Court of Hillsborough county, in chancery, respectfully showeth unto your Honor that from your Honor's decision and order entered in said cause your Honor is disqualified by reason of having been consulted as an attorney of the said defendant prior to the commencement of said suit and before your Honor became the judge of said court, and that said cause can not be heard, tried or determined by reason of the disqualification of your Honor as the judge of said court. Your petitioner therefore prays that said cause be transferred to some other Circuit Court as the law directs, and that your Honor make an order removing said cause to Circuit Court in the next nearest circuit as provided by law. And your petitioner will ever pray, etc."

On November 14th, 1896, the court made the following order upon this petition: "Upon reading and considering the above petition, it appearing that the undersigned judge of said court is disqualified to hear, try and determine said cause by reason of the disqualification mentioned in said

petition, it is hereby ordered that said cause be removed to the Circuit Court of Hernando county in the Fifth Judicial Circuit of Florida, it being a Circuit Court in the next nearest circuit as provided by law in such cases made and provided. Done and ordered at Chambers, Tampa, Florida, this the 14th day of November, A. D. 1896.

(Signed)    BARRON PHILLIPS, Judge."

The suit was instituted to have certain fees for legal services rendered to Chamberlin in recovering or acquiring a patent to certain land declared and enforced as a lien upon the land.

From the proceedings quoted above it appears that upon the suggestion of Chamberlin the judge before whom the case was pending filed a certificate that he was disqualified to try the cause because the law firm of which he was a member had been employed by Chamberlin, and had employed the complainant to assist them in obtaining a patent for the land, and preventing trespass upon it. This certificate merely prevented disposition of the case where it was then pending, without removing it to a jurisdiction where it could be heard and determined. The complainant, Finley, therefore, in order to have his case adjudicated filed his petition that the cause be transferred, basing it upon the previous certificate of disqualification, but stating the ground of disqualification somewhat inaccurately as "by reason of (the judge) having been consulted as an attorney of the said defendant prior to the commencement of said writ." The order of transfer was thereupon made reciting that it was made because of "the disqualification mentioned in said petition."

This order and the petition upon which it was made are both merely supplementary to the previous adjudication of the judge that he was disqualified to try the case, and it is probable that the ground of disqualification as stated in his certificate should be held to be the basis of the transfer of the cause. But it is immaterial whether the order be treated as based upon this or upon the statement of dis-

qualification contained in the petition. Either statement would tend to show disqualification, but in so indefinite a way as not to make it certain.

If this were a direct attack upon the order of transfer and subsequent decree, they should be set aside under the repeated adjudication of this court that a legal cause for the transfer must not only be judicially ascertained, but must appear in the order of transfer, or otherwise, in the record. *Swepson v. Call,* 13 Fla. 337; *Smith v. Gibson,* 14 Fla. 263; *Williams v. Robles,* 22 Fla. 95; *Roberts v. State,* 27 Fla. 244, 9 South. Rep. 246; *Tampa St. Ry. & Power Co. v. Tampa Suburban R. Co.,* 30 Fla. 595, 11 South. Rep. 562.

In some of these cases the court uses language broad enough to support the contention of the appellee that if the ground of the transfer is not sufficiently apparent from the record no jurisdiction will vest in the court to which the transfer is sought to be made; from which it would follow that any judgment rendered by that court would be void upon collateral attack. But it must be borne in mind that in those cases the attack was direct, and the court was merely adjudicating the correctness of the ruling of the lower court in ordering a transfer of the cause upon the showing made in the record.

The case of *Williams v. Robles* is the only one in which this court by dismissing the appeal instead of reversing the decree treated the decree of the court to which the cause was transferred as void for want of jurisdiction. In that case the judge when his disqualification from interest was suggested decided that he was in no way interested in the cause, but suggested that it would be better to transfer the cause because his brother-in-law had purchased property under an execution involved in the suit, and the transfer was made accordingly. There it affirmatively appeared that the judge was not disqualified and he so judicially determined, but made the transfer as being better for a reason not made by law a ground for transfer.

In the case of *State ex rel. Hughes v. Walker,* 25 Fla. 561, text. 572, 6 South. Rep. 169, it affirmatively appeared that the right of transfer did not exist, as that was a common law suit requiring the consent of both parties to the transfer, and the defendant did not consent thereto, but objected and excepted to the order made.

The case at bar presents no direct attack upon the order of transfer made by the judge of the Sixth Circuit, or the decree rendered by the judge of the Fifth Circuit. We are asked not to determine the correctness of the finding of disqualification upon the showing made in the record, but upon collateral attack to hold the order of·transfer a nullity and the subsequent decree void for want of jurisdiction.

The court in which the suit was instituted had undoubted jurisdiction of it. The question of disqualification was one of the points to be adjudicated therein, and it was adjudicated by the judge of that court. *Bronk v. State,* 43 Fla. 461, 31 South. Rep. 248. There is nothing in the record to show that the judge was not disqualified, as he was adjudged to be. The court is one of general jurisdiction. "The distinction between cases where the validity of the record of a court of general jurisdiction is drawn in question *collaterally,* and those in which such record is *directly* impeached by writ of error or bill of review, is broad and well defined. In the one case jurisdiction is presumed *prima facie* unless the record disproves it, while in the other, if it is denied, its existence must be proved by the record itself." *Trimble v. Longworth,* 13 Ohio St. 431; 1 Black on Judg., secs. 270, 274, 288.

The Federal courts are superior courts, but courts of limited jurisdiction, and the facts upon which their jurisdiction rests must appear in the record. Yet, "if the record fails to show the facts on which the jurisdiction rests, * * * the judgment may be reversed for error upon a direct proceeding for that purpose, but it is not void, and can not be attacked collaterally." *Rice v. Alder-Goldman Com. Co.,* 71 Fed. Rep. 151; *Dexter, Horton & Co. v. Say-*

*ward,* 84 Fed. Rep. 296; *Haug v. Great Northern Ry. Co.,* 102 Fed. Rep. 74; *Dowell v. Applegate,* 152 U. S. 327; 14 Sup. Ct. Rep. 611; *Evers v. Watson,* 156 U. S. 527, 15 Sup. Ct. Rep. 430; *Cutler v. Huston,* 158 U. S. 423, 15 Sup. Ct. Rep. 868. The same principle governs here. *Bronk v. State, supra.*

Moreover, the order of transfer was based upon the suggestion of disqualification made by Chamberlin, himself, and it is at least questionable whether he is not now estopped to dispute its correctness.' *Bushnell v. Kennedy,* 9 Wall. 387, text 394; *Seward v. Comeau,* 26 Law. Co. Ed. U. S. Reports, 438 (not officially reported). See, also, *Dowell v. Applegate, supra,* and *Evers v. Watson, supra.*

A further objection made to the validity of the transfer of the case to the Fifth Circuit is that the clerk of the court in which it was first pending did not transmit with the papers a certificate of the order of transfer as required by the statute (section 1077, Revised Statutes). By certificate of the order of transfer is probably meant a certified copy of the order of transfer. In this case the clerk transmitted to the clerk of Hernando county all of the papers in the case, including the original order of transfer and a certificate as follows: "I, Chas. Wright, Clerk of the Circuit Court of said State and county, do hereby certify that the costs in said case which had accrued up to the time of the transfer of said cause to Hernando county, Fla., has been fully paid by Samuel Y. Finley, the complainant in said cause." This certificate, while it includes by necessary implication a certification to the fact that a transfer had been ordered, is not a literal compliance with the statute as we have construed it. The certificate of the clerk, however, is required only as evidence to the court to which the transfer is made that it has jurisdiction of the cause. When this is given as here by transmission of the original order it is merely an irregularity, and not such a vital defect as to defeat upon collateral attack a jurisdiction sought by the complainant to this suit

and acquiesced in by him until after the rendition of a decree adverse to his interests.

The decree of the court below will be reversed and the cause remanded with directions that the bill be dismissed, and it is so ordered.