G. H. TILLMAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Assuming that the defendant in a prosecution against him for crime could by appropriate action in the trial court in the way of pleas, objections or otherwise have raised the question as to the authority and jurisdiction of the judge of the Criminal Court of Record for another county to preside over the court in the trial of such case, where such judge is acting under an order of the Governor, based upon section 3871 of the General Statutes of 1906, where no objections to the authority or jurisdiction of such judge were made in the trial court and no action of any kind taken by the defendant toward raising such question, he will be deemed to have waived by his silence any such privilege or right he may have had, and will not be permitted to raise such question for the first time in the appellate court.

2.  No error is made to appear in overruling a motion to quash certain counts in an information, based upon section 3476 of the General Statutes of 1906, charging the defendant with the crime of bribery of a judicial officer, when such information substantially complied with the requirements of such statute. Such information is not fatally defective when it distinctly alleges that the defendant offered the bribe to the judge of a designated court for the purpose of and in order to influence him "to modify and reduce the sentence" imposed upon a certain named defendant on a prior day of the same term of court, because it does not affirmatively allege that the prosecution against such convicted defendant was still pending in such court at the time such bribe was offered.

3.  The right of a defendant to make a motion for a new trial, within the time provided by law, is not forfeited by the fact that sentence had been pronounced upon the defendant prior to the making of such motion.

4.  During the same term of court at which the sentence is imposed, before the defendant had begun serving such sentence, the trial judge has the power to modify such sentence.

5.  It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements.

6.  It is not sufficient merely to repeat an assignment of error and submit that error was committed by the trial court. Unless the error complained of is so glaring or patent that no argument is needed to demonstrate it, counsel must call the attention of the appellate court to the specific points upon which he relies to show error, otherwise such assignment will be treated as abandoned.

This case was decided by division A.

Writ of Error to the Criminal Court of Record, Suwannee County.

The facts in the case are stated in the opinion of the court.

*J. N. Stripling* and *T. W. Butler,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—An information, based upon Section 3476 of the General Statutes of Florida, was filed against the plaintiff in error, upon which he was tried, convicted and sentenced to confinement at hard labor in the State prison for a term of four years. A review of this judgment and sentence is sought here by writ of error. The information contained three counts but only the last two are before us for consideration, the first having been quashed on motion of the defendant. In substance, the crime charged against the defendant was that, during a term of the Criminal Court of Record for Suwannee County, at which one Margarete Stanley had been tried and convicted of the unlawful sale of liquors, the defendant, "then and there well knowing the official capacity of him the said H. E. Carter and with the purpose and intent of fraudulently influencing the act, opinion, decision and judgment of the said H. E. Carter, a judicial officer, and then and there the Judge of said Criminal Court of Record, on a certain matter and question to-wit, the matter and question of modifying and reducing the sentence theretofore imposed upon the said Margarete Stanley as aforesaid, and with the intent to fraudulently induce the said H. E. Carter in his official capacity as Judge of said court to reconsider and modify and reduce the sentence and judgment theretofore imposed upon the said Margarete Stanley as aforesaid, he the said G. H. Tillman, did then and there, on the said 16th day of February, 1909, aforesaid corruptly offer to the said H. E. Carter as Judge of said court as aforesaid, a gift and gratuity, to-wit, a bank check of the value of ten dollars, which said

bank check was and is in the words and figures following, to-wit:

'No..........                    Live Oak, Fla. 2--16 1909.
     The Citizens Bank of Live Oak,
     Pay to the order of..........Cash..........$10.00
     ..........Ten & 00--100..................Dollars.
                              G. H. Tillman,
                                   Baker.'

Contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Florida."

The Honorable H. E. Carter, Judge of such court, filed with the clerk a suggestion of his disqualification in such cause, under Section 3871 of the General Statutes of Florida, reciting therein that he was a witness in such cause on behalf of the State. The clerk notified the Governor, in accordance with the provisions of such statute, who issued an order assigning the Honorable John S. Maxwell, Judge of the Criminal Court of Record for Duval County to try such cause. All of such proceedings affirmatively appear in the transcript.

The first two assignments are as follows:

"First Assignment of Error: It does not appear from the suggestion of disqualification filed by Hon. H. E. Carter, Judge of the Criminal Court of Record for Suwannee County, Florida, that he as judge of said court, was disqualified from presiding at the trial of said cause.

Second Assignment of Error: The Hon. John S. Maxwell, Judge of the Criminal Court of Record of Duval County, Florida, was without jurisdiction to preside in said cause."

Even if we assume that the defendant could by appropriate action in the trial court in the way of pleas, ob-

jections or otherwise have raised the question as to the authority and jurisdiction of Judge Maxwell to preside over the court in the trial of such cause, no such action was taken, consequently we are not called upon to decide that question. See Coyle v. Commonwealth, 104 Pa. 117; Walcott v. Wells, 21 Nev. 47, 24 Pac. Rep. 367, 9 L. R. A. 59, and authorities therein cited; State v. Lewis, 107 N. C. 967, 12 S. E. Rep. 457, 13 S. E. Rep. 247, 11 L. R. A. 105; Orme v. Commonwealth, 21 Ky. 1412, 55 S. W. Rep. 195; Butler v. Phillips, 38 Colo. 378, 88 Pac. Rep. 480, 12 Amer. & Anno. Cas. 204. The decided weight of authority is to the effect that where no objection to the authority or jurisdiction of the judge is made in the trial court and no action of any kind taken by the defendant toward raising such question, he will be deemed to have waived such privilege or right by his silence and will not be permitted to raise such question for the first time in the appellate court. See State v. Holmes, 12 Wash, 169, 40 Pac. Rep. 735, 41 Pac. Rep. 887; State v. Anone, 2 Nott & Mc. (S. C.) 27; State v. Lowe, 21 W. Va. 782; Schlungger v. State, 113 Ind. 295, 15 N. E. Rep. 269; People v. Mellon, 40 Cal. 648; State v. Gilmore, 110 Mo. 1, 19 S. W. Rep. 218; Roberts v. State, 126 Ala. 74, 28 South. Rep. 741, 30 South. Rep. 554; Slone v. Slone, 2 Metcalf (Ky.) 339; Ripley v. Mutual Home & Savings Ass'n, 154 Ind. 155, 56 N. E. Rep. 89; Crawford v. Lawrence, 154 Ind. 288, 56 N. E. Rep. 673; Hunter v. Ferguson, 13 Kans. 462; Missouri Pac. Ry. Co. v. Preston, 63 Kans. 819, 66 Pac. Rep. 1050; Perry v. Pernet, 165 Ind. 67, 74 N. E. Rep. 609, 6 Amer. & Eng. Anno. Cases 533. Also see 23 Cyc. 616 to 618, and authorities cited in notes, and 11 Ency. of Pl. & Pr. 793. We see no occasion for any extended discussion of the matter or pointing out the distinctions which exist in the cited cases. We have no intention of committing ourselves to all that is said therein, but they

will be found to throw light upon the point under consideration. We would also refer to Finley v. Chamberlin, 46 Fla. 581, 35 South. Rep. 1, for a discussion of the distinction between a direct and collateral attack and a review of the earlier Florida cases upon the subject. These two assignments, which are the principal ones relied upon, need not longer detain us. It is sufficient to say that they have not been sustained.

The third assignment is based upon the overruling of the motion to quash the information as to the second and third counts. It is earnestly contended that such counts are fatally defective because it does not affirmatively appear therein that the prosecution against Margarete Stanley was still pending in such court at the time of the alleged commission of the crime charged herein. It is urged that inasmuch as it is alleged therein that sentence had already been pronounced upon such defendant this constituted a final judgment and divested the trial judge of any further jurisdiction therein. This contention is not borne out by the information and is untenable for several reasons. The statute under which the defendant was informed against is very comprehensive and sweeping in its scope, as an inspection thereof will disclose. It is also distinctly alleged in the information that the defendant offered the alleged bribe to the judge of such court for the purpose of and in order to induce him "to modify and reduce the sentence" theretofore imposed upon such defendant. The authorities cited by the defendant are not in point and do not sustain his contention. This court has decided that the right of a defendant to make a motion for a new trial, within the time provided by law, is not forfeited by the fact that sentence had been passed upon the defendant prior to his making such motion. Massey v. State, 50 Fla. 109, 39 South. Rep. 790. So, too, during the same term of court

at which the sentence is imposed, before the defendant has begun serving such sentence, the trial judge has the power to modify such sentence. In this case it does not affirmatively appear that such defendant had begun serving her sentence. If the defendant in the instant case conceived that the information did not sufficiently apprise him of the crime with which he was charged, he should have moved the court for a bill of particulars. See Mathis v. State, 45 Fla. 46, 34 South. Rep. 287. It is the declared policy of the Legislature as well as of this court to uphold indictments and informations whenever there has been a substantial compliance with the statutory requirements therein. See sections 3961 and 3962 of the General Statutes of Florida; Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Douglass v. State, 53 Fla. 27, 43 South. Rep. 424; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998. We have given the two counts of the information a careful reading and are of the opinion that they are not "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." This assignment must fail.

The fourth assignment is based upon the admitting in evidence, over the objections of the defendant, an envelope and check. This assignment can hardly be said to be argued before us and might be treated as abandoned. As we have repeatedly held, it is not sufficient merely to repeat the error assigned and submit that error was committed by the trial court. Unless the error complained of is so glaring or patent that no argument is needed to demonstrate it counsel must call the attention of the court to the specific points upon which he relies to show error, otherwise the court will feel warranted in treating such assignment as abandoned. See Hoodless v. Jernigan, 46

Fla. 213, 35 South. Rep. 656, and authorities there cited, and Phoenix Insurance Co. v. Bryan, decided here at the present term. We have examined the bill of exceptions with reference to this assignment and are clear that no error was committed in overruling the grounds of objection urged. What we have said in disposing of this assignment applies with about equal force to the sixth, seventh, tenth, twelfth and fourteenth assignments, the only other assignments even mentioned in the brief, the other assignments being tacitly abandoned. We do not feel called upon to discuss these assignments nor do we see any useful purpose to be accomplished in so doing. Suffice it to say that we have examined them all and no reversible error is made to appear to us.

It follows that the judgment must be affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.

Petition for rehearing in this case denied.