HENDRY, Judge
(dissenting).
I must respectfully dissent from the view expressed in the majority opinion.
The majority holds that strict compliance with the statute is required and that failure to so do precludes this court from affording relief to the relators. I can not agree. It has long been established that these statutory enactments are merely codifications of the common law and should be liberally construed in order to accomplish their intended purpose.[1]
Section 38.10 Fla.Stat., F.S.A. was adopted in 1919, but many years prior to that the remedy of prohibiting a judge from hearing a case because of relationship to the parties or interest or prejudice was recognized and afforded.[2] The fact that the statute was enacted does not mean that it abrogated the common law remedy available prior thereto.
Even assuming that the relators have not complied with the statute, that remedy not being exclusive should not result in their being turned out of court.
It is my opinion that the showing made by the relators was sufficient to entitle them to the relief sought. I would make the rule absolute.

. 30A Am.Jur., Judges § 90. See also, State ex rel. Ambler v. Hocker, 34 Fla. 25, 15 So. 581, 25 L.R.A. 114.

. Tampa St. Ry. & Power Co. v. Tampa Suburban R. Co., 30 Fla. 595, 11 So. 562, 17 L.R.A. 681 (1892).