ALEXANDER MITCHELL, *Plaintiff in Error*,

vs.

DANIEL KENNEDY, *Defendant in Error*.

ERROR TO MILWAUKEE COUNTY COURT.

An appeal from the judgment of a justice of the peace, is a strict statutory right, and when not provided by statute, it does not exist.

No appeal lies from a judgment of a justice of the peace, exceeding fifteen dollars, when no issue of fact or of law has been joined between the parties.

When an appeal from the judgment of a justice exceeding fifteen dollars, no issue having been joined, is taken, it confers no jurisdiction upon the appellate court.

Where there is a total want of jurisdiction, and an appeal is dismissed for that cause, no judgment for costs can be rendered.

Where an appeal is dismissed for total want of jurisdiction, and judgment for costs rendered, the judgment, so far as it relates to costs will be reversed, but affirmed as to the residue.

The defendant in error commenced a suit against Alexander Mitchell, the plaintiff in error, before a justice of the peace, by summons, returnable the 6th day of July, A. D. 1852. On the return day the plaintiff below appeared. The defendant did not appear, but made default. The plaintiff filed his bill of particulars, declared for work and labor, for damages $100. Witnesses were sworn and examined, and judgment rendered in favor of the plaintiff below, for $19.40 damages and $3.89 costs. The same day Mitchell took an appeal, and filed his bond in the usual form.

The transcript and papers having been returned to the County Court, at the next succeeding term thereof, the plaintiff below, by H. L. Palmer, his attorney,

JUNE TERM, 1853.

Mitchell vs. Kennedy.

filed his motion to dismiss said appeal for the reason that the County Court had no jurisdiction therein; which motion was sustained, and the appeal dismissed, for the reason, that the amount of the judgment exceeded $15.00, and the defendant below did not appear and plead, and no issue was joined in the case before the justice. And the court gave judgment against the defendant below for costs, $16.86.

*Brown & Ogden*, for the plaintiff in error.

*Palmer & Foote*, for the defendant in error.

*By the Court*, WHITON, C. J. We think this case was properly dismissed, by the court below for want of jurisdiction. The statute regulating appeals from justices of the peace, (*Rev. Stat. Chap.* 88, § 226–227,) makes no provision for an appeal in cases of this kind, and as an appeal is strictly a statutory right, we do not see how the right can exist, except as the statute provides.

We are, however, of opinion, that the judgment of the County Court, so far as it gave costs to the defendant in error, is erroneous. It is contended that the statute authorizes the court to give costs in all cases where an appeal is dismissed, although the reason for the dismissal is a want of jurisdiction in the appellate court. But upon a consideration of the statute, we have arrived at a different conclusion; and, as there was a total want of jurisdiction, in the County Court, so much of the judgment as gives costs to the defendant in error must be reversed. It follows, from the view we have taken of the matter, that so much of the judgment of the County Court, as dismissed the ap-

peal, is affirmed, and so much of the judgment as awarded costs to the defendant in error is reversed. (*See case of Jordan vs. Dennis*, 7 *Met. R.* 590,) *and the cases there cited.*