## THE RICHMOND.

*(Circuit Court, E. D. Louisiana. June, 1881.)*

1. RECUSATION.

    It is not a good cause of challenge that a judge has formerly been of counsel for one of the parties in a different cause.

BILLINGS, D. J. A motion has been made that I should decline to sit in this cause because I have been of counsel. The doctrine of recusation of judges is of continental origin. According to the law of Great Britain it has been unknown since before Blackstone's time. According to the law which prevails upon the continent, and as declared in the Code of France, a judge is recusable if he has given counsel, pleaded, or written of the controversy, has previously acted as judge or arbitrator, or defrayed the expenses of the suit, deposed as a witness, etc. But at the common law as it prevailed in England, and was adopted by the people of the United States, there could be no challenge or recusation of judges on the ground that the judge had been of counsel. See Coke, Litt. 294; 2 Bro. Civ. & Adm. Law, 369; 3 Bl. Com. 361; *Lyon* v. *State Bank*, 1 Stewart, 442.

This leaves nothing to be considered except the United States statutes. Of these there are two. The first, which is found in the Revised Statutes, § 601, applies only to causes pending in the district courts. The last, found in the Revised Statutes, § 615, authorizes and requires the court, on the application of either party, to transfer a cause to another circuit court. There could be no pretext that the first statute applied. It would dispose of the second statute to say that this is not an application to transfer to another court. In *Spencer* v. *Lapsley*, 20 How. 266, it is settled that the inability was to be

disclosed on the record, upon motion of one of the parties, and that a judge interested might make the order of removal.

It is clear that, except upon motion to remove, the machinery provided by the statute could not be set in operation, even in a cause included in its scope.

But does this cause fall within this statute, even had this application been a motion to remove? The ground suggested is that the judge has been of counsel. The language of the statute is, has "been of counsel for either party." In this case the judge had been one of the parties in a suit in law for damages by collision. In that suit an appeal bond had been given, and the pending proceeding is to fix the liability of the sureties on the appeal bond. It would seem that the controversy or cause here, though growing or issuing out of the cause in which there was a judgment, is distinct. It presents a different question, and is against a party not an actor in the other suit. In the *Bank of North America*, 2 Bin. 454, it was held that it was no objection to a judge that while at the bar he had been consulted and had given an opinion in favor of one of the parties. In *Blackburn* v. *Craufurd*, 22 Md. 447, it is held: The fact that a judge had been counsel in a case theretofore tried between two of the parties to the bill, which involved some of the issues raised in the bill, did not bring him within the letter or spirit of the constitutional inhibition against sitting in a case wherein he may have been of counsel. To the same effect, see, also, *Taylor* v. *Williams*, 26 Tex. 583. In *Cook* v. *Berth*, 102 Mass. 372, a magistrate was held not to be disqualified by a statute similar in terms, and to have properly sat in an action of ejectment, though he had drawn the plaintiff's lease, under and upon which the action was brought, and had written the notice to quit. In *Thellusson* v. *Rendlesham*, 7 H. of L. Cas. 429, where a court constituted of so many members could with slight inconvenience dispense with the participation in a hearing of one of the peers, Lord St. Leonard stated that he had on two occasions been of counsel in the cause, though not upon a point then pending, but that he "did not conceive that these facts absolved him from the duty of taking part in the hearing." The lord chancellor (Lord Chelmsford) and Lord Brougham concurred in that view, and no member of the house dissented.

The decisions, so far as I have been able to find, are unanimous that "of counsel" means "of counsel for a party in that cause and in that controversy," and if either the cause or controversy is not identical the disqualification does not exist. In the case before me, the controversy in which the judge was of counsel was as to the lia-

bility for a collision. The controversy now pending and being litigated is with reference to the liability of sureties under a mandate remitted from the supreme court. It could not be error for the judge to sit in this matter, nor would the statute exempt him. The rule is, therefore, as a matter of right dismissed. But the consent of the opposed party having been given, an order based upon consent of parties will be entered that the matters now at issue in this cause be restored to their place on the calendar, to be heard by that member of the court who may preside when the same may be moved on for trial.