SEE HOP COMPANY *vs.* J. H. SOPER, Marshal, *et al.*

EXCEPTIONS TO RULINGS OF McCULLY, J.

JANUARY TERM, 1887.

JUDD, C.J., McCULLY and PRESTON, JJ. (BICKERTON, J., having been Counsel in the case, and FORNANDER, J., being ill, did not sit).

A party introducing a deed cannot, in rebuttal, introduce testimony to resist inferences of law or fact flowing therefrom.

The only assignments of property by an insolvent which the law will sustain are those upon good consideration to a *bona fide* purchaser, having no reasonable cause to believe the party insolvent.

When the whole mortgage was shown to be fraudulent by evidence of the party producing it, the Court should not submit to the jury a particular clause which might not be fraudulent standing alone.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

The action is trover for the attachment and sale of merchandise, fixtures, etc., of the estate of one Afu, a bankrupt trader at Wailuku, Maui.

Exceptions are taken, (1) to the refusal of the Court to permit Afu to testify in rebuttal to conversations had between the parties to the mortgage under which the plaintiffs claim, in order to repel an inference derived from the terms of the mortgage itself that it was a fraudulent instrument, the plaintiff's counsel contending that such conversations might be proved as *res gestæ* of the deed. The mortgage had been introduced by the plaintiffs, and was their evidence. It is clear, without consideration of the argument on which plaintiffs seem mainly to depend, that they cannot in rebuttal produce testimony to resist inferences of law or fact flowing from their own direct evidence.

(2). In the charge to the jury, the Court ruled that Afu's having neglected to pay two notes amounting to four hundred

dollars to the plaintiffs, and ten days overdue, constituted acts of bankruptcy, of which the plaintiffs holding the notes had notice, and those facts would bring it within our bankrupt law and render the mortgage void.

Section 14, of the Bankruptcy Statute of 1884, provides that every assignment after insolvency or an act of bankruptcy, except upon a good consideration to a *bona fide* purchaser having no reasonable cause to believe him insolvent, bankrupt or in contemplation thereof, shall be void, and Section 1 provides that every person owing debts to the amount of five hundred dollars, who shall refuse or fail to make payment of any of his just demands for ten days after maturity, or who shall make any fraudulent conveyance of his property for the purpose of defrauding his creditors, may be declared bankrupt on petition of any creditor to the amount of $250.

The plaintiffs' contention is that there must be a failure to pay $500 overdue debts, in order to constitute an act of bankruptcy. But the statute reads that a person owing $500, and failing to pay any part thereof, is liable to be made a bankrupt.

This paragraph from the Judge's charge must be taken in connection with the evidence. As stated by plaintiffs' counsel, the evidence showed that Afu had borrowed from plaintiffs, January 1st, 1886, $400, giving two notes payable in one and two months, and that March 31st he borrowed a further sum of $600, giving a note payable in one month, all without grace, and that during the first week in April, all these notes being then unpaid and due, or overdue, Afu made a further loan from plaintiffs of $178, to meet a pressing demand, a part of which he paid; and then arranged to give this mortgage. This mortgage, executed May 1st, is for $1200, including $178, loaned as above. It includes all the merchandise and stock in trade, fittings, all the book debts and evidences of debt, etc., of the mortgagee, all the new stock which might be purchased, whether deposited on the mortgagee's premises or elsewhere. It is to secure the said $1200, and also such further advances as may be made. It provides that until full payment, the mortgagees or their assigns may control and conduct the business, and place

a person in charge for that purpose. The proceeds are to be applied :

(1).  To the reduction of the amount secured.

(2).  To the purchase of new stock.

(3).  To the discharge in whole or in part of the claim of such other creditors as the mortgagees may nominate, but provides that they may please not to pay any other claims until the whole of the secured claims shall be extinguished. Foreclosure may be made by public auction or private contract, one month from date. It then appears in the evidence that the mortgagees placed the mortgagor in possession for them, or rather continued him in possession.

It is transparent from the contents of the mortgage and from the evidence cited, that Afu was insolvent and had committed acts of bankruptcy, and that the mortgagees had notice. They take notice of there being other creditors by the statement of the mortgage.

The only assignments of property by an insolvent which the law will sustain are those upon good consideration to a *bona fide* purchaser, having no reasonable cause to believe him to be insolvent. The plaintiffs are very far from this position, and the Court should not have charged otherwise than it did.

(3).  The third exception is to the refusal of the Court to charge that the clause in the deed permitting the mortgagees to discharge from the proceeds of the mortgaged goods, besides the debt to themselves, such claims of other creditors as they should elect to pay ; and to the instruction given that the deed, being a transfer of all Afu's stock in trade and property, was in itself an act of bankruptcy and void as against the assignee.

It does not seem necessary to say much about this exception. The second exception having been sustained, the third instruction asked for could not affect the result. The whole mortgage was held to be void under the circumstances of this case. It would not support it to find that any particular clause might not be fraudulent *per se*. It was strictly within the province of the Court to instruct that under certain facts, not controverted,

and being the plaintiffs' evidence, the mortgage was void, and the question should not have been left to the jury. Thus

The exceptions are overruled.

*Ashford & Ashford,* for plaintiffs.

*W. Austin Whiting,* for defendants.