MARY  C.  BECKLEY  *vs.*  GEORGE  LUCAS, Executor of

Margaret Keegan, *et als.*

APPEAL FROM DOLE, J.

HEARING, DECEMBER 24, 1889.    DECISION, JANUARY 31, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.    Preston, J., having been of Counsel, did not sit.

Articles of adoption were executed by A., the father, B., the adopting mother, and C., the adopted child, containing a separate covenant between B., who promised to convey or devise certain real estate to C., and C., who promised to obey the lawful commands of B.

Demurrer, that the consideration in the second covenant was invalid because the promise to obey was only the promise to perform a lawful duty, was overruled on the ground that this was a concurrent part of the contract, C. not then having been adopted, and furthermore that the promise of B. to C. is supported by the covenant of A. to B. for the adopting.

OPINION OF THE COURT, BY McCULLY, J.

The plaintiffs bring a bill in equity for the specific performance by the defendant's decedent of a covenant contained in a certain instrument to the following effect:

There are three parties:   George Risely, of the first part, Magaret Keegan, widow, of the second part, and Mary Risely, minor daughter of the said George Risely, of the third part.

There is first a covenant between the party of the first part and the party of the second part, wherein the said George Risely surrenders to Mrs. Keegan his parental control and rights over his child, Mary, Mrs. Keegan reciprocally covenanting to adopt, maintain and care for her as if she were her own natural daughter. There is next a separate covenant between the second and third parties. The second party covenants to make a valid conveyance to the third party of a described piece of real estate, or to devise it to her by her last will and testament, and the party of the third part reciprocally covenants with the second party henceforth to obey her commands and to perform the duty of a child as towards a natural mother.

Mrs. Keegan having failed to make a conveyance of the property, or to devise it to Mary Risely in her will, the bill is brought against the executor and trustee of her will to compel specific performance.

The demurrer is " on the ground that it does not appear by said bill that there was or is any valuable consideration for the conveyance here sought, nor any valid covenant for such conveyance which could have been enforced against the said Margaret Keegan in her life time, nor against this defendant since her decease."

It may be said at once that there is no covenant for such conveyance which could have been enforced against the decedent in her life time, unless she had otherwise conveyed away these premises, or by another marriage had given a husband some rights therein, or in some other way was putting it out of her power to make the conveyance or devise she had contracted to make, for she had the option of only giving the agreed benefit after her death.

It is claimed by the demurrer that the expressed consideration for the conveyance or devise to be made, the promise of the adopted child to obey, is naked and invalid as being a promise to do what she was already bound by law to do.

By the statutes of this Kingdom, found at page 210, Compiled Laws, a child adopted, as by law allowed, is bound to obey the lawful and moral commands of the parents by adoption.

Adoption is, however, a relation artificially created, and has in it some points not perfectly corresponding with the natural relation. We observe that in the beginning the creation of the relation is purely a voluntary one on the part of the parents who give and the parents who take and adopt the child.

Special terms may be made in the contract of adoption, and frequently are, particularly with regard to the pecuniary interest of the child. The child having come to years of understanding may be allowed to have some voice in the proceeding. It was so in the case before us when the subject of adoption was made a separate third party to the contract. She was treated as a person of sufficient understanding to join in a contract by the Justice of the Supreme Court by whom the adoption was ratified.

The three parties, thus coming together, form an agreement, the first with the second, and the second with the third. The covenants are more than contemporary; they are concurrent. The promise of obedience and duty made by Mary Risely towards Mrs. Keegan is not the promise of a child adopted, upon whom a duty has been cast, promising to do that duty for a consideration. The covenant of Mrs. Keegan to convey or devise a valuable piece of real estate to the child cannot be separated from the motives of the transaction which was consummated in this deed, whereby the father surrendered his daughter, and the daughter promised filial obedience to a stranger.

There is no question but that there is a form of consideration expressed in the second covenant. We hold that it is not an unreal consideration, it being made as a part of the adoption, a condition of it, and we hold that it is also supported by the first covenant, it being a part of the same transaction.

The demurrer is overruled.

*J. M. Monsarrat*, for plaintiff.

*C. L. Carter* and *F. M. Hatch*, for defendants.