JOHN BOHNENBERG and EMMA BOHNENBERG, his wife *v.* ANNA ZIMMERMANN and A. ZIMMERMANN, her husband, and GEORGE RODIEK.

ANNA ZIMMERMANN and A. ZIMMERMANN, her husband, *v.* JOHN BOHNENBERG and EMMA BOHNENBERG, his wife, and GEORGE RODIEK.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED JULY 12, 1900.     DECIDED AUGUST 1, 1900.

FREAR, C.J., S. M. BALLOU, ESQ., OF THE BAR, IN PLACE OF GALBRAITH, J., DISQUALIFIED, AND CIRCUIT JUDGE STANLEY IN PLACE OF PERRY, J., ABSENT.

The time agreed upon for the payment of the balance of the purchase price of certain land is held under the circumstances not to be of the essence of the contract.

OPINION OF THE COURT BY FREAR, C.J.

This is a bill and cross-bill. The bill is brought for the cancelation of a deed delivered to defendant Rodiek in escrow and for the forfeiture of a cash payment made on account of the purchase price of the land in question,—on the ground that the balance of the purchase price was not paid within the time agreed upon. The cross-bill is brought for the delivery of the deed, upon the payment of such balance.

The main question is, whether the time agreed upon for the payment of the balance of the purchase price was of the essence of the contract.

The facts are these: On February 21, 1899, John and Emma Bohnenberg executed a warranty deed of Lots 33 and 40, Olaa, Puna, Hawaii, containing 100 acres, to Anna Zimmermann for a consideration of $2,500 "paid and to be paid." At the same time John Bohnenberg and Anna Zimmermann, by A. Zimmermann, executed an agreement the body of which is as follows:

First. That the said first party, joined by his wife, has this day bargained, sold and conveyed unto the second party his Olaa land, same being Olaa Lots No. 33 and 40 and containing an area of one hundred acres, for and in consideration of the sum of twenty-five hundred ($2,500.00) dollars, cash in hand paid and to be paid as follows, to-wit, two hundred dollars cash in hand paid, the receipt of which is hereby acknowledged, and the balance of twenty-three hundred dollars ($2,300.00) is to be paid on or before the 15th day of May A. D. 1899, without interest.

Second. That the deed this day executed by the first party and his wife conveying said premises unto the said second party is to be delivered in escrow, by placing the same with Geo. Rodiek, who is hereby instructed that he shall hold said deed until the balance of the purchase money for said land, to-wit, the sum of twenty-three hundred dollars, is paid him by the second party; that when said sum is paid him he is then to deliver said deed to the said second party or her order and is to account to the said first party for said sum of $2,300.

Third. That said second party has executed one certain promissory note payable to the order of the first party on or before May 15th, 1899, for the sum of twenty-three hundred dollars, bearing interest from maturity at the rate of one per cent. per

month; that said note is to be placed with Mr. Geo. Rodiek and is to be held by him until paid by the said second party: that when the second party pays to Mr. Rodiek on or before May 15th, 1899, the sum of twenty-three hundred ($2,300.00) dollars, said note shall be canceled and delivered to the said second party.

Third. It is understood and agreed between the parties hereto that the said second party may pay said balance due; to-wit, the sum of twenty-three hundred dollars, at any time before the 15th of May, if he shall wish so to do, and that when said sum is paid that said note shall be delivered to him together with the said deed held in escrow as aforesaid.

At the same time, the note referred to in the agreement was executed by Anna Zimmermann, by A. Zimmermann, the note expressing that it was to bear interest "at the rate of one per cent. per month from maturity."

The deed, agreement and note were delivered to defendant Rodiek —in an envelope indorsed as follows in the presence of Bohnenberg and Zimmermann by the attorney who drew the papers: "The within papers are delivered to you and are to be held until May 15th, 1899, or until A. Zimmermann pays you $2,300.00, then you are to deliver to him the deed and note." On May 12, 1899, Zimmermann, who appears to have acted throughout for his wife, delivered to Rodiek checks upon a Honolulu bank to the amount of $2,300 payable in gold, with instructions to deliver them to Bohnenberg, and demanded the deed. Rodiek refused to deliver the deed or to accept the checks as payment. He, however, received the checks and on May 16, 1899, offered them to Bohnenberg, who refused to accept them. Zimmermann then endeavored to obtain gold, which, owing to its scarcity in Hilo at the time, he was unable to obtain, to the amount required, until May 25, when he tendered to Rodiek $2,300 in gold and interest thereon at the rate of 12 per cent. per annum from May 15. This tender was refused and Zimmermann then deposited the amount with the Clerk of the Circuit Court subject to Rodiek's order on his delivery of the deed.

In equity time is not regarded as of the essence of a contract unless an intention to make it so clearly appears. In the present case there is little tending to support the theory of such an in-

tention and much to negative it. A portion of the purchase price was paid upon the execution of the deed, and no provision was made as to its disposition in case the balance should not be paid. The agreement provided that Rodiek should hold the deed in escrow "until the balance of the purchase money * * * is paid" and that when it should be paid the deed should be delivered. It also provided, as did the note, that the balance of the purchase price should not bear interest up to May 15, but that it should thereafter. Equity favors compensation, as by the payment of interest to the injured party, rather than forfeiture against the defaulting party, where no injustice would result. Here, apparently, interest would fully compensate Bohnenberg for the delay in payment, and good faith and diligence were shown on Zimmermann's part.

The following points, raised in the brief, though not referred to in the argument, by counsel for the Bohnenbergs, will be briefly noticed:

First, that the deed is absolutely void because both Bohnenberg and Zimmermann knew at the time that one Reinhart was the owner of an undivided half of the land and because no arrangement was made by which he was to convey his portion to Bohnenberg. The mere statement of this proposition is its own refutation.

Secondly, that Bohnenberg executed the deed under a mistaken idea as to its effect induced by an alleged misrepresentation by Colonel Little, a partner of the attorney who drew the papers. Bohnenberg knew that he was signing a deed for the whole of the land. It does not appear that he was induced to do so through deceit or misrepresentation. What little evidence there is bearing upon this point tends to show that he told Colonel Little that he had conveyed half of the land to Reinhart and that Colonel Little advised him to let Reinhart convey his half back. Bohnenberg is not seeking a reformation of the deed on the ground of mistake so as to give it the effect which he claims was intended. He is claiming by way of defense to the cross-bill that the deed is void or at least voidable on the ground that his signature to it

was obtained through misrepresentation. The facts do not bear him out. .

The decree of the Circuit Judge appealed from, sustaining the bill and dismissing the cross-bill, is reversed and the case is remitted to the Circuit Judge of the Fourth Circuit with directions to dismiss the bill and enter a decree in accordance with the prayer of the cross-bill and for such other proceedings as may be proper.

*Chas. Creighton* and *W. S. Wise* for the Bohnenbergs.

*J. T. De Bolt* for the Zimmermanns.