## S. TOMIKAWA v. U. GAMA.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED MARCH 5, 1902.     DECIDED APRIL 11, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In a suit for the specific performance of a contract for the sale of land, held, that, assuming that time was originally intended to be of the essence of the contract, the provisions in this respect were waived by the seller by the acceptance of installments on account of the purchase price after the time specified for their payment had passed.

#### OPINION OF THE COURT BY PERRY, J.

Bill in equity for the specific performance of a contract for the sale of certain land situate at Olaa, Hawaii. The court below, after trial and reference to a Master to ascertain the amount due on the contract by complainant to respondent and after report stating such amount to be $833.35 and confirmation thereof,

decreed specific performance of the agreement to convey upon payment by the complainant of the amount so found to be due. From that decree respondent appealed.

The defense mainly relied upon is that the complainant failed to pay certain of the installments of the purchase price at the times agreed upon and that time was of the essence of the contract. The purchase price was $3950 and this sum, as was specified in the agreement, was to be paid on certain dates named in installments varying from $10 to $1350 each. Tomikawa was to have immediate possession of the land and use the fruits and profits thereof subject to the conditions of the agreement. The instrument also contained the following: "In the event of a failure to comply with the terms and conditions herein contained by the said party of the second part, the said party of the first part shall be released from all obligations in law and equity to convey the said property and the said party of the second part shall forfeit all right thereto together with all improvements made or erected thereon and all moneys paid hereunder. And the said party of the first part on receiving such payments at the time and in the manner above set out agrees to execute and deliver to the said party of the second part * * * a good and sufficient deed," etc. It is undisputed that the complainant failed to strictly perform his part of the contract as to the time of payment.

In equity time is not regarded as of the essence of a contract unless an intention to make it so clearly appears. *Bohnenberg v. Zimmermann*, 13 Haw. 4, 6. The question of how the agreement in the case at bar should be construed in this respect is, perhaps, susceptible of argument on both sides; but it need not be decided. Assuming that originally it was the intention of the parties to make time an essential, the evidence clearly shows that in that respect the provisions of the contract were subsequently waived by the respondent. Of eighteen installments paid and accepted on account of the purchase price and ranging in amount from $10 to $460, one only was paid on the day named; all of the others were paid after the time specified, some of them sev-

eral months after they became due.  Four at least of the later payments were in lump sums and were made and received generally on account of the existing indebtedness without any attempt to apply them specifically to certain of the installments due.  Interest was paid and accepted on some of the overdue items.

According to the contract, which was entered into in August, 1896, the payment of the purchase price should have been completed on March 15, 1899.  In August, 1900, many installments being then overdue, respondent made several demands upon complainant for payment.  On the 2nd of that month $200 was paid on account.  Gama or his agent still regarded the contract as in force, for a few days later the latter said to one representing Tomikawa that if the claim was paid in full "then I would not take any steps to sue in anything, but if you hesitate to do anything I will say that I will call the contract forfeited."  On August 17, $800 was paid, not for an extension of time, as now claimed by the respondent, but on account of the purchase price as the evidence abundantly shows.  The parties at the time signed a memorandum whereby, after reciting that Gama was "the holder of certain claims" against Tomikawa and that the latter was not "in possession of immediate funds with which to pay said claims," it was "agreed by and between the parties hereto that upon the payment of the sum of $800 upon the execution of this memorandum, the receipt of which is hereby acknowledged, the party of the first part" (Gama) "agrees, in consideration of the above payment, not to make any further demands against the said J. W. Mason" (representative of Tomikawa) "for the period of forty-five days from the date of this memorandum."  On October 1, 1900, $300 more was paid on account of the purchase price and the following, unsigned, was endorsed on the instrument last referred to: "From Oct. 1st an extension of 30 days.  $300 paid."

On behalf of the respondent it is contended that by the execution of the memorandum the parties agreed to make time of the essence of the original contract and to place it within the power

12–D

of Gama to enforce a forfeiture in case of failure on Tomikawa's part to pay the balance due within the forty-five days and the thirty days additional. The language of the memorandum seems to us to be incapable of this construction. We do not so construe it. All that Gama thereby agreed to do was "not to make any further demands" during the periods named. The word "demands" here means requests *for payment* of claims referred to in the memorandum.

Until December 27, 1900, the contract was regarded by Gama, as well as by Tomikawa, as being in force. This is shown by the fact that on that date Gama wrote to Mason, giving notice that the contract "is *hereby* rescinded and avoided," stating his reason for the action and adding: "I *hereby* declare all rights on your behalf forfeited and annulled and all agreements concerning the said land made since said date *are* also declared forfeited for like reasons." Mason, on behalf of Tomikawa, had, either on that same day or on the day previous, offered (though without a tender in coin) to pay to Gama's agent the whole amount due under the contract, this being in answer to a suggestion of Gama's agent that he would execute a deed on payment of $2000 in addition to the balance due. This suit was filed on December 31, 1900.

It is further contended that the complainant abandoned the contract some time before its forfeiture was declared. Upon the evidence we find that there was no such abandonment.

Some minor points have been presented on behalf of the appellant. In passing upon them we refer briefly to a few only. The fact that the complainant testified at the trial that the amount due under the agreement was $1290.75 and that he was willing to pay that sum, does not estop him from claiming the benefit of the Master's finding that the sum due is $833.35. No attempt is made to show that the Master's finding was not in fact correct; it was confirmed by the court. The Master was properly authorized to take evidence on the issues of fact referred to him. 17 Encycl. Pl. & Pr. 983. The question as to the irregularity of the proceedings had before the Master because of his failure

to take an oath before receiving the evidence, was waived by a stipulation entered into by the parties and now on file.

The decree appealed from is affirmed.

*Smith & Parsons* for complainant.

*W. S. Wise* and *Fitch & Thompson* for respondent.