WILLIAM NOTLEY, CHARLES NOTLEY, MARIA HUGHES AND DAVID F. NOTLEY ·*v.* CECIL BROWN AND ANTHONY LIDGATE, PROPONENTS OF THE WILL OF CHARLES NOTLEY, DECEASED, JOHN NOTLEY, A MINOR, VICTORIA M. K. NOTLEY, A MINOR, LILY NOTLEY, A MINOR, AND WILLIAM NOTLEY, A MINOR, BY W. S. WISE, THEIR GUARDIAN AD LITEM, AND EMMA DANFORD.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.

ARGUED FEBRUARY 5, 1906.     DECIDED MARCH 15, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

JUSTICE OF THE SUPREME COURT—*disqualification.*

> A justice of the supreme court is not, in the absence of statute, disqualified to sit in a case by reason of having been before his appointment to the bench counsel for one of the parties in the case, even where he has taken an active part in the case and advised upon the questions in issue.

OPINION OF THE COURT BY WILDER, J.

(Frear, C. J., dissenting.)

This is a writ of error to the circuit court of the fourth circuit. On a motion to quash the writ defendants in error claimed that Mr. Justice Hartwell was disqualified by reason of having acted as counsel for some of the parties in, and taken an active part in some previous stages of, the case. Plaintiffs in error contended that there was no disqualification either on the main case or on the motion to quash.

Of late years it has been the common practice for a justice of this court to refuse to sit in a case where the slightest suggestion was made as to his having formerly been of counsel in the cause. This practice has been checked and disapproved of by

the ruling of this court in the recent case of *Love v. Love,* 17 Haw. 194, which, so far as appears, was the first time the matter was ever contested and adjudicated, where it was held that a justice of this court is not disqualified to sit in a case by reason of having been counsel of record as a member of a partnership which had been retained in the case, he having taken no active part in the case nor advised upon the questions at issue. No opinion was expressed as to disqualification in case he had taken an active part in the matter and advised in regard to the questions at issue. The latter question being squarely up for decision in this case, it must be decided according to the law irrespective of what the court thinks should or ought to be the practice.

Attention is directed in the first place to the statute by which a circuit judge may be called in as a member of this court. This statute reads as follows: "Parties to causes pending before the supreme court shall be entitled to a hearing before all of the justices thereof and may not be compelled to go to trial before less than the full number thereof. Provided, however, that if any of the justices of the supreme court shall be disqualified from sitting in any cause pending before the supreme court or shall be unable to attend from sickness, accident or any other reason his or their place or places for the trial or determination of such cause shall be filled by one or more of the circuit judges," etc. R. L., Sec. 1634, as amended by Act 92, S. L., 1905. It is not claimed that there is any reason except that of alleged disqualification why Mr. Justice Hartwell should not sit in this case. In view of the statute it would seem that a justice has no right to withdraw from, and it is his duty to sit in, a case unless he is disqualified or unable to sit for some other specified reason.

Section 84 of the Organic Act provides: "That no person shall sit as a judge or juror in any case in which his relative by affinity or by consanguinity within the third degree is interested either as a plaintiff or defendant or in the issue of which the said judge or juror may have, either directly or through

such relative, any pecuniary interest." Thus, disqualification by relationship and by reason of pecuniary interest is provided for. If the provisions of this section are exclusive, then there is no disqualification, and, if they are not exclusive, a disqualification can only exist if it is according to the common law. In view of the conclusion reached it is not necessary to say whether the statute is exclusive.

The principle that a man may not be a judge in his own cause is of universal acceptance and cannot be questioned. An alleged disqualification by reason of having been of counsel is of recent origin and created by express constitutional or statutory provisions. As it may exist independently of relationship or pecuniary interest in the result, it was doubtless based upon considerations of supposed bias, partiality or prejudice arising from the relationship of attorney and client, which may reasonably be presumed might influence the actions of the judge. *Newcome v. Light,* 58 Tex. 141. One who is biased, prejudiced or partial should not be a judge, but, in the absence of statute, such a person is not disqualified. As the common law did not disqualify for bias, prejudice or partiality, which gave rise to the rule, it follows that at common law there was no such disqualification as that of having been of counsel.

Most of the reported cases are not of much assistance, because in nearly every jurisdiction they are controlled by statute. But that in the absence of statute there was no such disqualification at common law is the holding by the great majority of the cases. As the question is an important one, all the citations in point on the subject we have been able to find are referred to.

"At the common law as it prevailed in England, and was adopted by the people of the United States, there could be no challenge or recusation of judges on the ground that the judge had been of counsel. See Coke, Litt. 294; 2 Bro. Civ. & Adm. Law, 369; 3 Bl. Com. 361; *Lyon v. State Bank,* 1 Stew. 442." *The Richmond,* 9 Fed. 863.

In *Thellusson v. Rendlesham,* 7 H. L. Cas. 429, a court constituted of so many members that it could with slight inconvenience dispense with the participation in a hearing of one of

the peers, Lord St. Leonards stated that he had on two occasions been of counsel in a cause though not upon a point then pending, but that he "did not conceive that these facts absolved him from the duty of taking part in the hearing." Lord Brougham trusted that it would not be assumed that the having been of counsel in a cause operated as a disqualification to prevent the same person, when raised to the bench, from taking part in the decision of that cause. The Lord Chancellor, who was of counsel for one of the appellants in the court below, held that he was not disqualified. He heard the argument, saying that he did not intend to take a part in the decision as a matter of personal feeling unless there was an equal division of opinion. No one dissented from these views.

*Tatham v. Wright,* referred to in the above case, came before the lord chancellor, who had been of counsel in the cause, on an application for a new trial. He obtained the assistance of two learned judges, Chief Justice Tindal and Mr. Baron Alderson, and having done that he himself took part in pronouncing the decision.

In the *Bank of North America v. Fitzsimmons,* 2 Bin. 454, it was held that it was no objection to a judge that while at the bar he had been consulted and had given an opinion in favor of one of the parties. Cited in *The Richmond,* 9 Fed. 863.

In *Den v. Tatem,* 1 N. J. L. 190, it was held to be no objection to a judge, before whom a jury is to be struck, that he has been of counsel with one of the parties.

In *Morgan v. Hammett,* 23 Wis. 30, it was held that the fact that the county judge had been of counsel for some parties interested in the matter of an administrator's sale of real estate to pay debts did not disqualify him from acting upon an application for a license to sell.

In *Townsend v. Hughes,* 2 Mod. 151, Scroogs, J., said he was of counsel with the plaintiff, before he was called to the bench, but now he had forgotten all former relations and thereupon delivered his opinion. Cited in note to 25 L. R. A. 117.

It was said in *Re Nevitt,* 117 Fed. 451: "What constitutes disqualification? Speaking generally, the answer may be:

Interest in the subject matter of the litigation, relationship to one or more of the parties to it and statutory prohibitions."

In *Owings v. Gibson,* 2 A. K. Marsh 515, it was held that an alleged surprise in this, that the presiding judge had been counsel for plaintiff, and defendant did not expect that he could sit and therefore did not prepare himself, is not a sufficient cause for a new trial. Prejudicial motives may prevent a judge formerly counsel from sitting in a cause, but sitting or not is discretionary with the judge.

In *Blackburn v. Craufurd,* 22 Md. 447, it was held that the fact that a judge had been counsel in a case theretofore tried between two of the parties to the bill, which involved some of the issues raised in the bill, did not bring him within the letter or spirit of the constitutional inhibition against sitting in a case wherein he may have been of counsel. Cited in *The Richmond,* 9 Fed. 864.

"It is worthy of observation that at common law judges were not subject to the same disqualifications as jurors, and there are at the present time many grounds of challenge to a juror which are not applicable to judges. At common law the only ground upon which a judge could be excluded from acting was interest in the cause. This disability was founded upon the maxim that no man can be judge of his own cause. Consanguinity to either of the parties, though good cause of challenge to a juror, did not disqualify a judge, for favor would not be presumed in a judge." *In re Dodge,* 77 N. Y. 112.

In Texas, where the constitution disqualifies a judge when he was of counsel in the case, it is recognized that at common law that was no disqualification. *Taylor v. Williams,* 26 Tex. 586.

At the older common law personal interest formed the only ground for challenging a judge. *Russell v. Belcher,* 76 Me. 502.

In *Heflin v. State,* 88 Ga. 151 (30 Am. St. Rep. 147), it was held that a judge is not per se disqualified to preside on the trial of an indictment for perjury because he is convinced of the guilt of the accused and has privately and unofficially advised the prisoner's counsel to induce his client to plead guilty. In Georgia the having been of counsel is a statutory disqualification.

*Moses v. Julian,* 45 N. H. 52, and *Tampa Street Railway Co. v. Tampa Suburban Railway Co.,* 11 So. (Fla.) 562, on which latter case *State v. Hocker,* 25 L. R. A. (Fla.) 114, was based, are cases which may be claimed to hold that even in the absence of statute a judge is disqualified who has been of counsel in the case. But in New Hampshire the bill of rights provided that "it is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit," and there was also a statutory provision that a justice of the supreme court could not sit upon the trial of any cause in which he had been concerned as party or attorney, which statutory provision the court held was applicable to all judges and judicial officers. In that case the judge of probate who allowed the will wrote the will while he was judge in the face of a constitutional provision prohibiting him from acting as attorney or being of counsel, the effect of the constitutional provision being held to "disqualify the judge to sit in the hearing or decision upon the proof of such a will." And in the Florida case there was no statute at the time, although there had been previously, and the practice had grown up of considering this a disqualification even after the repeal of the statute. But, as a matter of fact, it was held that the judge in question was not disqualified, the record showing only that he had advised complainant on matters irrelevant and immaterial to the case made out by the bill.

As we find there is no legal disqualification, a justice of this court, from a sense of delicacy or personal feeling, has no right to withdraw from sitting in a case, because, if there is no disqualification or other reason mentioned in the statute, a circuit judge cannot be called in and the case cannot be heard, as the parties are entitled to a hearing before a bench of three members.

It is the opinion of this court that Mr. Justice Hartwell, on the facts stated, is not disqualified from sitting in this case either on the merits or the motion to quash.

*Kinney, McClanahan & Cooper* and *Ballou & Marx* for plaintiffs in error.

*Holmes & Stanley* for defendants in error.

### CONCURRING OPINION OF HARTWELL, J.

The plaintiffs' counsel, for whom I argued about two years since a motion for rehearing of his exceptions, insists that I am not thereby disqualified from now sitting in the case and that therefore it is my duty to do so. This is denied by the defendants' counsel who insists that it is my duty, under the circumstances, to decline.

It is not expected that argument will be presented in any of the matters brought up by the writ of error which were passed upon by this court in overruling the exceptions. As far as those matters are concerned if a writ of error lies, following a bill of exceptions, the judgment below would be affirmed as a matter of course. As to new grounds of error, not passed upon in connection with the bill of exceptions, I am conscious of no bias or prejudice which would influence my consideration of them, but I should be very glad to be allowed to retire; not because I think that injustice would result to either party by my remaining but because a decision that I am not disqualified, under the circumstances, would be a precedent in all cases in which a justice had formerly been of counsel, to whatever extent he had participated in them, excepting only cases which involved a pecuniary interest, which is a constitutional disqualification.

No distinction can be made between circumstances which do and do not disqualify in case of a former relation as attorney and client. The fact of being retained establishes that relation and would incur the danger of favoring the client or of giving that impression as fully as when advice was given, argument made and sympathies or antagonism aroused. *Love v. Love,* therefore, ante, p. 194, which held that a member of this court was not disqualified because his law firm had been retained for one of the parties, he himself having taken no part in the case, is a precedent in this case, or else was wrongly decided and ought to be disregarded. It is for no other reason than to avoid

danger of favoritism, as a result of bias, from whatever cause, or of giving the impression of favor, that the former relation of attorney and client is regarded as a disqualification. But bias or prejudice, although a cause of disqualification in many jurisdictions, is not so at common law or in Hawaii. It may exist in many instances, as, for example, in cases of intimate friends or opponents or in a case, the issue of which as precedent, would affect their interest or those of the judge himself although not in pending or impending cases. Danger of favoritism, under such circumstances, is greater for the very reason that it is less conspicuous. It is true also that it is not so much conscious bias or prejudice as unconscious cerebration, which the judge himself does not recognize, that may affect his impartiality. It is upon these considerations that when the relation of attorney and client disqualifies a judge he is not permitted to sit in the case although the parties may waive the objection and request him to do so.

Upon the whole, then, it seems to be clear that the disqualification, if it exists, is imperative and cannot be waived. In all such cases either the judge must retire from them or must sit in them. He has no discretion to do the one or the other as may seem to him, as well as to the attorneys, to be just and appropriate. The question presented is extremely difficult to answer satisfactorily. The conclusion which I have reached, in concurring as I do in the opinion of the court as stated by Mr. Justice Wilder, is based upon considerations of constitutional law from which I do not feel at liberty to depart.

Until the decision in *Love v. Love,* supra, the right of this question had not been adjudicated, no controversy concerning it having been presented, although since the act of 1892, which provided for substitute judges, it was uniform practice that a justice who had been of counsel retired as a matter of course and a substitute judge was called in his place. Prior to that act, and more especially before the number of justices was increased from three to five by the act of 1888, there were occasional exceptions in the practice, although I cannot specify them. The risk of a failure of justice in case of disagreement was more

obvious during the years prior to 1877, when Chief Justice Allen was minister to Washington, and was avoided in exceptional cases by a waiver of the objection. It was then considered doubtful whether this was a strict disqualification and also, if it was, whether it could be waived. It was generally supposed, however, that the matter was discretionary with a justice to sit or not. All the constitutions of Hawaii, as well as the Organic Act, make relationship, pecuniary interest and former judgment causes of disqualification. The constitution of 1887, followed by that of 1894 and the Organic Act, restricted relationship to the third degree and added affinity.

The decision on the question is not to be made by mere construction of law and does not depend upon the theory that enumeration of certain causes of disqualification implies that others are intentionally omitted, for the theory expressed in the maxim *expressio unius est exclusio alterius* is not a rule of law, —the intention in such instances is merely inferential. The decision of this question rests upon something more than inference. Constitutional authority for a justice to refuse to perform his judicial functions must affirmatively appear or else he is at liberty to exercise his own discretion in refusing or consenting to perform them for reasons which appeal to himself and to his colleagues, as well as to the attorneys in the case, to be good reasons although not authorized by law. The law, however, does not permit such exercise of discretion. The Organic Act, which is our  constitution, requires that "the supreme court shall consist of a chief justice and two associate justices," with the proviso that "in case of the disqualification or absence of any justice thereof his place shall be filled as provided by law." The statute provides for calling in a circuit judge "who has not been connected with the case as counsel or in an official capacity," and, as amended in 1903, "who is not otherwise disqualified." This amendment was made, I think at my suggestion to a committee of the bar association to whom the bill was referred, because of an impression, which I now think was unfounded, that other causes of disqualification than those which were named in the law might exist. But constitu-

tional law cannot be modified by the amendment or by any statute. The requirement that only such circuit judges can be called in who have not been connected with the case as counsel or in an official capacity does not imply that justices of the supreme court are subject to the same requirements.

If any former official connection with a case disqualified justices of this court it would be impossible to obtain rehearings of the same case presented under any circumstances. The reason why the statute excludes substitute judges who have been of counsel and does not make the same requirement of justices of this court may well be that it was thought that the legislature had no power to add to the disqualifications made by the Organic Act or that, if there were such power, it was unwise to make a rigid rule applying to them. Whatever the reason, however, the disqualification is not extended beyond circuit judges.

The disqualification referred to in the proviso of the Organic Act (Sec. 82), as well as in the statute (Sec. 1634, R. L.), is either the disqualification which is expressed in the act or else it is one which is undefined by law. *Taylor v. Williams,* 26 Tex. 587, held: "Where the constitution has only prescribed that the judge's professional connection with the case, in the single instance where he has been 'of counsel in the cause,' shall disqualify him from presiding upon its trial, we cannot undertake to say that his professional connection with a similar cause or one involving the same questions shall have that effect. If we depart from the plain language of the constitution, we shall be left without a rule for our guidance, and shall countenance a laxity of construction that may prove both dangerous and inconvenient." And so 121 Mo. 514; 83 Cal. 589; 103 Ib. 397; 123 Ib. 453. *Moses v. Julian,* 45 N. H. 52, held that a probate judge could not pass upon a will drawn by himself while on the bench, under the constitutional prohibition of any judge acting as attorney to any party or "as advocate or counsel in any probate business which is pending or may be brought into any probate court in the county of which he is judge." While holding that "the prohibition of the constitution applies to this case," the court went on to say that the

judge was disqualified on the principle of "bias or prejudice in favor of or against one of the parties." *State v. Hocker,* 34 Fla. 29, held that a judge was disqualified in a case in which he had been of counsel, upon the principle that "no judge shall preside in a case in which he is not wholly free, disinterested, impartial and independent," citing decisions in Massachusetts, Michigan, Texas and New Hampshire based upon constitutional or statutory provisions. The Florida decision might have been based upon a statute that if a party files an affidavit "that he has reason to believe that he cannot obtain justice from one or two of the judges of such court by reason of the prejudice of such judge or judges then such judge or judges shall be disqualified to sit in such case." *Ten Eick v. Simpson,* 11 Paige 177 (1844), held that the vice chancellor could not properly pass upon an appeal bond in a case in which, before his appointment, he was of counsel, the court saying that the principle was the same "which this court applied to the case of a master who had acted as the counsel for one of the parties in a prior stage of the suit, in the case of *McLaren v. Charrier,* 5 Paige, 530," and that "it is the same principle which disqualifies a judge from acting as such in a cause in which he has been, at a previous time, the solicitor or counselor of one of the parties." But the case of the master, who had acted as counsel prior to his appointment was within the statutory prohibition, 2 Rev. St., N. Y. 275, Sec. 6, a later statute providing that "No judge shall have a voice in the decision of any cause in which he has been counsel, attorney, or solicitor, or in the subject-matter of which he is interested." Laws of N. Y., 1847, Ch. 280, Sec. 81. In *Walker v. Rogan,* 1 Wis. 511 (1853), there was no controversy concerning the disqualification of the judges who declined to sit by reason of having been of counsel, but in *Morgan v. Hammett,* 23 Wis. 31 (1868), the court held that a county judge who had been of counsel for parties interested in an administrator's sale of real estate was not thereby disqualified from acting upon an application for a license to sell, the court saying: "An examination of the various provisions of our statute bearing upon this subject has convinced each of

us that this view must prevail." It appears that at the date of these decisions "The 20th section of chapter 87, and the 11th section, on page 761 of the Revised Statutes, deprives the judge of the Circuit Court absolutely of all jurisdiction in any cause pending before him in which he is interested, or where he shall have acted as counsel for either of the parties." *Hungerford v. Cushing,* 2 Wis. 293. The decisions cited had statutory authority with the exception of that one which was shortly followed by a statute, while in this jurisdiction the only adjudication is that the relation per se does not disqualify.

There is no authority in the Organic Act for refusing to sit in such cases as this. The act fixes the constitution of the court in all but the cases therein named.

### DISSENTING OPINION OF FREAR, C.J.

The question is whether a member of this court is disqualified to take part in the decision of a case in which he was actively engaged as counsel before his appointment to the bench. It has been decided in *Love v. Love,* ante, 194, that a member is not disqualified from the mere fact that he was of counsel of record in the case as a member of a partnership that had been retained, but in which he had taken no part and given no advice.

It is commonly stated, and no doubt correctly, that having been of counsel was not an absolute disqualification at common law, although the cases in support of this statement are comparatively few in number and as a rule of an unsatisfactory nature. But it is everywhere held, in both England and America, that it is extremely desirable to avoid not only the evil of bias and prejudice on the part of a judge by reason of his having been of counsel, but also the appearance of such evil, and that a judge who has been of counsel should as a matter of propriety at least decline to sit except in a case of necessity, as, for instance, when the court consists of only one judge and there is no provision for a special or substitute judge. This probably accounts for the paucity of decisions on the question, for as a fact judges have generally declined to sit when they have been of counsel. Indeed, such has been the consensus of opinion as

to the impropriety of a judge sitting in such a case that, to quote from 17 Am. & Eng. Enc. of Law, 2d Ed., 739, "At the present time * * * it is usually if not universally provided in the constitutions or statutes of the different states that one who has been of counsel in the case may not act as judge."

In some cases the mere fact appears that one who had been counsel of record at one stage of the case has taken part as a member of the court in deciding the case at a later stage, no question being raised. In other cases there are mere dicta to the effect that having been of counsel is not a disqualification. In some cases the court has apparently not cared to take the broad ground that that would not be a disqualification, but instead has confined its decision to the precise facts of the case and held, for instance, that the judge was not disqualified merely because he had been of counsel for the same parties in other matters. See *Carr v. Fife,* 156 U. S. 494, 498; *In re Nevitt,* 117 Fed. 448, 452. Some cases, however, intimate strongly or actually hold that, even in the absence of constitutional or statutory provision, having been of counsel is an absolute disqualification. In *Walker v. Rogan,* 1 Wis. 511, decided forty-five years before the statute expressly made it a disqualification for a judge of the supreme court to have been of counsel, two of the three judges declined to sit because they had been of counsel. "The obvious consequence was," as the court stated (p. 519), "that the cause must remain undetermined until the constituent members of the court should be changed, or until the legislature should provide for the contingency, or unless the parties should, by stipulation, obviate the difficulty." The difficulty was obviated by a stipulation that the case might be heard and decided by the third judge sitting alone. In this Territory the statute provides for special or substitute judges in case regular judges are disqualified. R. L., Sec. 1634. In *Tampa S. R. & P. Co. v. Tampa S. R. Co.,* 30 Fla. 595 (17 L. R. A. 681), the court said, among other things in holding that a judge who had been of counsel would be disqualified: "In reaching the conclusions announced above we have not overlooked the fact that there is now no statute in this state

expressly declaring that the previous relation of counsel to a party to the cause in the matter in controversy shall disqualify a judge, nor the further fact that there are decisions which intimate or affirm the view that such relation does not disqualify. * * * It has always, so far as we know, been the practice of the circuit and supreme court judges to refuse to sit in cases in which they have been of counsel to either of the parties. * * * The records of the courts of this state are full of orders and entries made, * * * recognizing the stated relation as disqualifying a judge; and that it does have this effect here is as fully settled by years of unvarying recognition and enforcement as any other principle of law, and we have no hesitation in affirming either its propriety or its binding force upon the supreme and circuit courts and judges." That ruling was followed in *State v. Hocker,* 34 Fla. 29 (25 L. R. A. 117, and note). In *Moses v. Julian,* 45 N. H. 52, which contains the fullest discussion of the whole subject of disqualifications of judges, the court said: "Among this class of disabilities (friendly or hostile relations) is that chiefly in question in this case, the fact that the judge, as is alleged, has acted as counsel for the party in the same cause; which has always been held everywhere' to justify the supposition and belief that, however upright he may be, he cannot avoid favoring the cause of his late client. It is consequently everywhere a just cause for the judge to withdraw, or for the party to recuse him. * * * Our own reports abound with entries that ——, J., having been of counsel, did not sit, and the dockets furnish evidence abundant that the law which called for such entries was recognized and acted upon long before we had reports. * * * It seems to us very clear, that, a fortiori, the acting as advocate and giving of counsel in a case, whence a cause in court may spring up, after the judge has received his appointment, must be good cause of disqualification as a judge, independent of any statutory enactment. It is the fact that the judge has acted as attorney, counsel, law advisor or advocate, in relation to the business in hand, that furnishes the just cause of exception, without reference to the time when such aid or counsel was

given." The courτ regarded the general constitutional provision, referred to in the majority opinions in this case, as a mere statement of a common law principle inserted in the constitution to avoid doubt or to prevent the legislature from repealing it. There were other specific constitutional provisions which applied to that case, but not to cases in which a judge had been of counsel prior to his appointment. In *Ten Eick v. Simpson,* 11 Paige 177, decided three years before the statute on the subject, Chancellor Walworth said: "I am not prepared to say that any provision of the revised statutes prohibits the vice chancellor from approving the appeal bond, in a case in which he was solicitor or counsel previous to his appointment to office. * * * The principle, however, which this court applied to the case of a master who had acted as the counsel for one of the parties in a prior stage of the suit, in the case of *McLaren v. Charrier,* (5 Paige's Rep. 530,) seems to be equally applicable here. It is the same principle which disqualifies a judge from acting as such, in a cause in which he has been at a previous time the solicitor or counsel of one of the parties. In such cases he should decline to act, in his judicial capacity, in any matter requiring the exercise of judgment or judicial discretion; unless in a case of necessity and to prevent a failure of justice, as in a case where there is no other judicial officer who has the power to do the act required to be done by him."

There is greater reason here than elsewhere for holding a judge disqualified by reason of having been of counsel because the statute, if it is valid, deprives the members of the court of the power and duty, which is always recognized in connection with the common law rule, to decline as a matter of propriety to sit except in rare cases of necessity. The statute makes it the duty of a member of this court to sit in all cases in which he is not absolutely disqualified or absent, for it provides (R. L., Sec. 1634) that parties shall be entitled to a hearing before all the justices, and may not be compelled to go to trial before less than the full number thereof, with the proviso that in case of the disqualification or absence of any of the jus-

tices in any particular case his place may be filled by a circuit judge; and it would not be competent for the legislature to authorize a special or substitute judge to take the place of a justice of the supreme court except in a case of disqualification or absence. See Org. Act, Sec. 82. This statute, moreover, seems to recognize that having been of counsel is a disqualification, for it provides that the circuit judge who fills the place of a disqualified or absent supreme court justice shall be one who has had no connection with the case as counsel. It might be contended, from the fact that this is specifically mentioned in connection with substitute judges, that it was supposed or intended not to be the law in regard to regular members of the court, but a different view of special provisions of this general character has been taken by other courts. For instance, in the Florida case above quoted from, the court held that a somewhat similar statute "merely recognized such relation of counsel and client as one, among many, causes of disqualification." Likewise in the New Hampshire case above cited the court held that the statute which related to only one court "must be regarded as a legislative recognition of the common law applicable to all judges and judicial officers." So, in the Wisconsin case referred to, the statute at that time applied to the circuit courts only. Moreover, our statute, as amended in 1903, after stating that the substitute judge or judges should have had no connection with the case either as counsel or in an official capacity adds, "and who is or are not *otherwise disqualified*," thus implying that having been of counsel was a disqualification.

But what would seem to be conclusive in this jurisdiction is that having been of counsel has become established as a disqualification by the common law of Hawaii as shown by usage and judicial precedent. As stated in the Florida and New Hampshire cases above mentioned with respect to their reports and records, our reports and records are full of entries recognizing the relationship of counsel as a disqualification. The following are some of the cases in which a member of this court has not sat because he had been of counsel: 3 Haw. 85; 5 Haw. 456; 7 Haw. 4, 12, 129, 226; 8 Haw. 40, 93, 330; 9 Haw. 1,

23, 43, 75, 101, 121, 151, 166, 335, 337, 412, 417, 514, 566;
10 Haw. 319; 11 Haw. 272; 13 Haw. 4, 28, 138, 328; 14
Haw. 399; 16 Haw. 45, 53, 66, 113, 185, 282, 476, 485, 489,
502, 535, 544, 564, 567, 585, 605, 638, 660, 674, 685, 702, 737,
761; 17 Haw. 41. These fifty-four cases cover a period extend-
ing from 1868 to the present term. In some, especially those
decided in the last few years, the particular ground of disqual-
ification is not set forth in the report, although shown in the
record of the case. The list does not include all the cases in
which members of the court have not sat because they had been
of counsel. The frequency of such cases has varied from time
to time according to the number of cases that have come before
the court, according to the frequency of changes in the mem-
bership of the court, according to whether a new member has
been appointed directly from the bar or from the circuit bench
or from some other office or from abroad, or for any other reason
had not for some time previously been in practice to any great
extent or at all, etc. The circumstances were such that prior
to 1868 there could have been but few, if any, such cases. One
of these cases, that reported in 16 Haw. 66, was a previous stage
of the case now before the court, in which the same justice now
in question was held disqualified for the same reason that is
now urged. He had argued before this court a motion for
a rehearing in the case. After his appointment to the bench
a circuit judge sat in his place on a second motion for a rehear-
ing. The case was then before the court on exceptions. The
same case is now here on error, and many of the same questions
are raised, although they may be disposed of on the ground that
they were decided on the exceptions. It does not appear whether
prior to the enactment in 1892 of the section which as subse-
quently amended is now R. L., Sec. 1634 above referred to, the
judges declined to sit in the exercise of their discretion as a
matter of propriety or because they were regarded as disquali-
fied, although the mere repeated entries that they did not sit
for that reason was regarded as sufficient for establishing the
law in the Florida and New Hampshire cases above referred
to. Prior to the enactment of that statute the court was

expressly authorized to decide according to reason or to adopt the principles of the common law or of the civil law, when founded in justice and not contrary to Hawaiian law or usage. See note to R. L., Sec. 1. Under the civil law, having been of counsel was a disqualification. This was one of the classes of cases in which the court might naturally have declined to follow the common law. But, whatever may have been the view taken before the enactment of that statute, there can be no doubt that since its enactment the reason for not sitting has been that the judges were regarded as disqualified. These cases, decided since the enactment of that statute, constitute the great majority and cover all or nearly all reported after the close of the eighth volume of the reports. In some instances the judge himself has mentioned that he had been of counsel and the attorneys have at once conceded that that was a disqualification. In other cases the objection has been raised by counsel, and in all or nearly all cases the question has been merely whether the judge had in fact been of counsel in the particular case, and upon the establishment of that fact it has been taken for granted by court and counsel that he was disqualified. In only two cases, namely, in *Love v. Love,* above referred to, and the present case, have counsel taken the position that the judge was not disqualified, and in these cases that position was taken for special reasons or under special circumstances and upon the suggestion from the court that that was the only way, if there was any way, in which a certain desired object could be attained. The case of *Love v. Love* may have gone too far. If it did, it should be overruled. If it did not, it went at least far enough and should not be extended. The court in that case confined its decision to the facts of the case and expressly declined to express an opinion upon a case, like the present, in which the judge had taken an active part as counsel. Since the enactment of the statute which allows substitute judges only in cases of disqualification or absence of regular judges, it has frequently been mentioned by the court, sometimes in response to an expression of consent by counsel to a judge sitting who had been of counsel, that it was not a matter of discretion with the judge but that

if he was disqualified he should not sit, and if he was not disqualified he should sit, and that if he was disqualified it was at least questionable whether the disqualification could be waived by counsel. It has been remarked also from time to time that the statute permitted a substitute only in a case of disqualification or absence and not in case a judge who was present and not disqualified should decline to sit. In practically all the cases reported in the ninth and subsequent volumes of the reports it is distinctly stated that the judge did not sit because he was "disqualified" and not merely that he did not sit or declined to sit, and a substitute was requested in writing to sit in his place under the statute on the ground that he was "disqualified" because he had been of counsel, it being recognized that no substitute could be called in unless the judge was disqualified or absent. Thus not only has there been the practice but there have been repeated adjudications. The practice alone might be sufficient. The repeated adjudications would certainly seem to be sufficient even if made inadvertently. But, as matter of fact, they were made advertently. The fact that no contest was made except upon the question whether the judge had in fact been of counsel in the particular case or not, does not alter the situation. The fact of acquiescence with knowledge on the part of bench and bar shows a general recognition of that as the law. As stated in the Florida case, the law "here is as fully settled by years of unvarying recognition and enforcement as any other principle of law." If this does not establish the law here, in the absence of a statutory or constitutional provision to the contrary, it is difficult to see how a rule of law can be established by practice or precedent except by judicial decision in so many words after a contest on the particular point. To hold that the law has not thus become established here would be practically to elevate the common law of England to the position of constitutional or statutory potency in this Territory.

Thus it seems clear that unless there is some constitutional or statutory provision to the contrary it is established by precedent and usage in Hawaii that having been of counsel is a disqualification. The only statutory or constitutional provision

relied on to the contrary is Section 84 of the Organic Act, which reads as follows:

"That no person shall sit as judge or juror in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant, or in the issue of which the said judge or juror may have, either directly or through such relative, any pecuniary interest. No judge shall sit on an appeal, or new trial, in any case, in which he may have given a previous judgment."

If this establishes the law to the contrary, it is only on the principle of *expressio unius est exclusio alterius.* I appreciate the force of this argument. And yet this maxim, as often stated, is merely an aid to construction and is not of universal application and should be applied with great caution. The argument at best is one of mere inference and the inference is not a necessary one. No doubt under this maxim the first sentence of the section quoted is exclusive as to the matters, namely relationship and interest, to which it relates. For instance, under it, relationship beyond the third degree would not disqualify. But it does not follow that it is exclusive as to other matters. Its enactment may be fully accounted for on other grounds than that it was intended to be exclusive. It was fully justified in order to fix the degree of relationship and make it apply to relationship by affinity as well as consanguinity. Likewise the second sentence is doubtless exclusive as to the matters to which it relates, and especially as those matters would not be disqualifications in the absence of any such provision. It is easy to see that if the second sentence stood alone, as it does in some state and federal statutes (see *Spreckels v. De Bolt,* 16 Haw. 476), it could not be regarded as excluding other disqualifications; it would be absurd to say that it would permit a judge to sit in a case in which he was an interested party. It could also hardly be seriously contended that either portion of this section would permit by implication one to act as both judge and counsel in a case at the same time, especially in view of R. L., Secs. 1619, 1620. See *McGregor v. Crane,* 98 Mass. 530, and the New Hampshire case above cited. In the Florida case the court held that a provision corresponding to the first part of this section

was not exclusive, saying, "We do not understand, nor is there any sanction for the opinion, that the act ⁎ ⁎ ⁎ declaring interest and consanguinity or affinity to be grounds of disqualification, and prescribing the practice in such cases, to be an exclusion of any of the other established grounds of disqualification."

The Texas, Missouri and California cases cited contra in the opinion of Mr. Justice Hartwell do not seem to be in point. The Texas case held merely that a provision against sitting in a case in which the judge had been of counsel would permit him to sit when he had been of counsel in a different though similar case, very much as our provision against a judge sitting when related to a party in the third degree would permit him to sit when related beyond that degree. In the Missouri case the question was not involved, and there was an express provision making it a disqualification to have been of counsel. The California cases, not to mention distinguishing features of the individual cases, were decided under a code which was supposed to cover the entire law.

Both sentences of this section of the Organic Act have, with some modifications, been part of the constitutional law of Hawaii for more than fifty-three years, the first sentence having been article 11 of the constitution of 1852, article 10 of the constitutions of 1864 and 1887 and article 89 of the constitution of 1894, as well as a part of section 820 of the civil code of 1859; the second sentence having been article 92 of the constitution of 1852, article 72 of the constitutions of 1864 and 1887 and article 88 of the constitution of 1894 as well as a part of section 820 of the civil code of 1859. Both parts, like many other sections of the Organic Act, were copied in that act from the constitution of 1894. Perhaps the rule should be followed that when one state borrows a statute of another state it borrows also the construction put upon it by the latter state, and especially in view of the fact that this section is not merely borrowed by one state for itself from another state, but is a mere continuation of the statute for the latter state itself. Upon the extent to which the Hawaiian law relating to the judi-

ciary has been continued in force by the Organic Act see 5 Ops. Att'y. Gen'l. 539; *Schooner Robert Lewers v. Kekauoha,* 114 Fed. 849; *Carter v. Gear,* 197 U. S. 348; 16 Haw. 242. There is no doubt, as shown by the list of Hawaiian cases set forth above, that this section has not been regarded in the past as exclusive. The question whether it was exclusive has often been suggested by the court, but except in *Love v. Love* and the present case counsel have not seen fit to press the argument, and it has not been acted on. The question being one at least of doubt and the statute having been acted on as not exclusive in so many cases both before and since the enactment of the Organic Act, and this construction being one which is highly desirable and which is in conformity with prevailing sentiment elsewhere, as shown by constitutional and statutory provisions as well as by remarks of courts, it seems to me that we should adhere to it.

There is, it is true, a possibility under this view that in some cases all the members of the court might be disqualified and consequently that such cases could not be heard unless on the theory that a disqualified judge may sit in case of necessity, but that contingency might happen under any other disqualification and would in any event rarely happen. It has not happened, so far as I know, during the fifty-nine years covered by our reports. If it should happen occasionally, that would be incomparably better than the alternative that members of the court should sit in all cases in which they have been of counsel —as they would be required to do under our statute, if it is valid, unless both parties consent to a hearing by less than three judges.